## UNITED STATES v. SIXTO MESTRES-JANSSENS.
### No. 4671.

Circuit Court of Appeals, Third Circuit.

Jan. 22, 1932.

Edward W. Wells, U. S. Atty., of Philadelphia, Pa., and Chas. M. Bolich, Asst. U. S. Atty., of Allentown, Pa.

George M. Henry, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

This case involves the right of the appellee to be admitted as a citizen of the United States. This question, under the facts, must be answered by the Act of Congress. The Act of June 29, 1906, § 4 (8 USCA § 382) provides that: "It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States, five years at least, and within the State or Territory where such court is at the time held one year at least."

In addition to the oath of the applicant, there must be the testimony of at least two witnesses, citizens of the United States, as to the facts of residence. In addition to this, the petition shall be verified by the affidavits of at least two credible witnesses, citizens of the United States, who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously. The law further requires that the petitioner produce two witnesses who can testify as to his good moral character during the five-year period. Thus, the law requires of an alien, as conditions precedent to his admission to citizenship, first, continuity of residence during the statutory period; and second, continuity of the good moral character prescribed during the same five year period.

Neither of these conditions standing alone is sufficient. Both must be established in the manner provided by the statute. Congress not only said, but meant, that there should be strict proof of the possession of the alien of good moral character during the entire period of his residence, and due proof of such character during such period by witnesses having the requisite knowledge to enable them to testify thereto. In this case, the continuity of residence was completely broken by the four years' voluntary absence of the applicant, and it is perfectly manifest that the witnesses could not be qualified to establish his good moral character during the period of his long absence.

The facts of the case, it seems to us, clearly preclude the applicant's admission to citizenship, and the judgment should therefore be reversed.