## In re TARTAGLIONE.

### No. 32484.

District Court, D. Rhode Island.

Sept. 24, 1934.

·James J. Lynch, Naturalization Examiner, for Department of Labor.

LETTS, District Judge.

There is before the court the petition of Giuseppe Tartaglione for naturalization. This petition was filed more than two years, and less than seven years, after the declaration of intention to become a citizen. At the time of filing the petition, it embodied all averments of fact required by the statute (Act June 29, 1906, § 4 [8 USCA § 379]) and was properly verified by the petitioner. The petition was also accompanied by the usual affidavits of two persons, one of whom it afterward developed, and unknown to the petitioner at the time, was not an American citizen.

Shortly after the expiration of the seven-year period, but more than ninety days prior to this hearing, the affidavit of another person who is an American citizen was substituted for that of the alien. The contention is now made on behalf of the government that the original petition was a nullity and that the petitioner may not now, through his two qualified witnesses, substantiate the averment of facts contained in the petition so as to satisfy the requirements of the statute. It is requested that the petition be marked "spoiled," and that the petitioner be required to bear the burden of new filing fees and the delay which would be incident to starting his entire naturalization proceedings anew.

The naturalization statute, in the section dealing with petitions (Act June 29, 1906, § 4 [8 USCA § 379]), provides in the two opening paragraphs the facts and subject-matter which must be covered by the petition and provides that the same shall be signed by the applicant in his own handwriting and duly verified. In the present case the petition was properly verified by the petitioner, and ordinarily in law the verification of a pleading is made by the pleader or moving party.

In the last paragraph of this same section it is provided that the petition shall also be verified by the affidavits of at least two

credible witnesses who are citizens of the United States.

It will also be noted that in a subsequent section of this same statute it is provided: "In addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, * * * shall be set forth in the record." Section 4 (8 USCA § 382).

The statute does not specifically say that the affidavits of the two supporting witnesses must be filed with the petition. That course has, in general, been the administrative practice. It does not, however, seem necessary to construe the statute thus technically with the resulting hardship which would follow in many cases, particularly when all errors have been corrected and the verifying or supporting affidavits submitted for a period of more than ninety days prior to the hearing upon the petition. Every District Court has repeatedly had the experience in naturalization proceedings of finding that a witness in good faith has made an affidavit of the period of time that he has known the petitioner and then upon investigation, prior to or at the time of the hearing, discovered that a mistake has been made and that his acquaintanceship with the petitioner does not quite cover the full statutory requirements. We have repeatedly in the administration of naturalization permitted the procurement of another witness to supplement the proof already available. I see no reason why this phase of the statute, dealing with the qualifications and requisites of the supporting witnesses, should not be construed with that elasticity which will permit the correction of honest errors and avoid the hardship resulting from a dismissal of the petition or holding that it is no petition at all. No practical purpose has been advanced which would be served by such a construction.

I have before me the Martorana Case (C. C. A.) 171 F. 397. I am mindful that the decision reached in that case is inconsistent with the present ruling. It will also be borne in mind that the practice of posting names of petitioners for a ninety-day period, as referred to in that opinion, has since been discontinued.

It appears to me that the statute is reasonably open to two interpretations; the one reached in the Martorana Case, which is the construction now urged by the government, and also to the less technical construction herein indicated.

Where a statute is thus susceptible to two interpretations, particularly as here in respect to the directory or administrative features, it is my opinion that the less technical construction should be adopted, to the end of making it possible to obviate unnecessary hardships.

It is, therefore, held that the petitioner in this case has complied with all the requirements of the statute and his petition is granted.