## UNITED STATES v. PETRUCCI.
### No. 3929.

District Court, M. D. Pennsylvania.
June 17, 1938.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., and A. E. Stephens, Senior Naturalization Examiner, of Philadelphia, Pa., for the United States.

Adrian Bonnelly, of Philadelphia, Pa., and Joseph J. Cimino, of Scranton, Pa., for respondent.

WATSON, District Judge.

This is a petition for cancellation of the Naturalization Certificate of Frank Petrucci on the ground that the certificate was procured by false and fraudulent representations.

From the evidence it appears that the Respondent came to the United States from Italy in 1914, leaving behind him in Italy a wife and son Angelo. From shortly after his arrival until 1916, the Respondent corresponded with and sent money to his wife in Italy. In 1916, he learned that his wife had given birth to an illegitimate child which she had murdered and that she had been convicted of infanticide and imprisoned. Respondent has had no further correspondence with his wife in Italy from that time to the present.

In November, 1918, Respondent, although not divorced from his wife in Italy, married in the United States one Rose Risinogolo. As the result of this marriage, three children were born and are now living with Respondent and their mother in the United States.

On June 4, 1924, the Respondent filed a petition for naturalization in the Court of Common Pleas of Carbon County, Pennsylvania, which petition was dismissed for want of prosecution. On February 25, 1928, he filed a second petition, and, upon this petition, was granted a Certificate of Naturalization on June 14, 1928.

In answer to questions appearing on his petition for naturalization, the Respondent stated that he was married; that his wife's name was "Rose"; and that he had three children, naming those born of his marriage to Rose, and omitting Angelo, his child born of his marriage in Italy. It appears that, after his mother's imprisonment, Angelo was taken into the family of his uncle, his mother's brother, and reared in Italy.

The question here presented is, whether in procuring his citizenship, the Respondent was guilty of such wilful fraud as requires cancellation of his naturalization certificate.

The Respondent has been a resident of the United States for almost twenty five years. There is nothing in the record to show that, during his residence here, he has been other than a worthy, law abiding person. During his stay here, he has acquired family and other ties by which he has become bound. He has established a home, and has become the father of three citizens. Revocation of his citizenship would result in a serious stigma, which would affect the lives of his children as well as himself. Under such circumstances, a Certificate of Citizenship should be revoked only upon the clearest

and most satisfactory evidence and all doubts should be resolved against revocation. U. S. v. Marini, D.C., 16 F.Supp. 963.

■ The only evidence from which it could be found that the Respondent was guilty of wilful concealment of the fact of his marriage in Italy is a statement secured from him by Government agents. At the trial it was shown that the person who interpreted the questions and answers upon which the statement was based had a very poor understanding of the Respondent's Italian dialect, and admitted that he did not speak any Italian very well. In view of this fact, I am unable to attach much weight to the admission contained in the statement.

■ Respondent's testimony was that, when he learned of his wife's infidelity and her conviction of infanticide, he looked upon his marriage to her as dissolved, and, apparently, this point of view is common among people of his race and social position. At the time he applied for citizenship, I am convinced that the Respondent looked upon his Italian marriage as a matter long previously dissolved and, in view of his wife's conduct, best forgotten entirely. Certainly, he had not dodged any responsibility in connection with this marriage and the case cannot be classed with those involving desertion of wives and families in foreign lands.

Further, it does not appear that Respondent made any affirmative misstatements. His misconduct, if any, was in failing to reveal the fact that he had been married many years before and that a child had been born of that marriage. Apparently, he was not asked whether he had ever been married to anybody other than the woman he looked upon as his wife at the time the questions were asked. As to the child Angelo, it is quite clear that, at the time the petition was filed, he was not a member of Respondent's household, had been unheard from for many years, and might have been dead as far as Respondent knew.

Under all the circumstances, I am unable to conclude that this is a case calling for the exercise by this Court of its power to revoke certificates of naturalization previously granted. It has not been shown that Respondent was guilty of wilful fraud in procuring his Certificate of Naturalization. Revocation of the Certificate can have no salutory effect but would result in great hardship to Respondent and his children. In my opinion no harm has resulted or can result from his admission to citizenship.

The Petition for Cancellation of the Naturalization Certificate of the Respondent, Frank Petrucci, is dismissed, and the rule to show cause granted thereon is discharged.