## SCHWINN v. UNITED STATES.
### No. 9371.

Circuit Court of Appeals, Ninth Circuit.
May 10, 1940.

Rehearing Denied June 20, 1940.

John F. Sheffield and Charles E. Watkinson, both of Los Angeles, Cal., and Wilbur V. Keegan, of New York City, for appellant.

Ben Harrison, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Acting upon a petition filed under the provisions of Section 405 Title 8 U.S.C.A., the United States District Court cancelled the certificate of naturalization of Hermann Max Schwinn on the grounds that it had been procured fraudulently and illegally. Mr. Schwinn appeals. §128, Judicial Code, 28 U.S.C.A. § 225.

The appellant was a native of Germany, having arrived in the United States on December 26, 1924. He resided from that time to April 30, 1927, in the State of Ohio, at which time he left for the West Coast and took up residence in Los Angeles, California on September 1, 1927 and has continually resided there from that time to date.

A petition for citizenship was filed by appellant on April 13, 1932, in accordance with Title 8, § 379, U.S.C.A. This petition was subscribed by two witnesses, citizens of the United States who stated "in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously * * * immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States".

Hearing on the application was had and the appellant was admitted to citizenship on July 22, 1932.

The complaint for cancellation was filed by the Government on December 17, 1938 (Tit. 8, § 405, U.S.C.A.) and answer thereto was filed on March 4, 1939. Hearing

was duly had on July 15, 1939, and the citizenship theretofore granted appellant was adjudged cancelled.

The trial judge, in this action, found as a fact and it was not disputed, that the two subscribing witnesses to the petition for citizenship had not known the appellant for the stated period of five years. Also that no other witnesses had been produced in the naturalization proceeding to prove the fact of residence within the United States and of good moral character as required by law. Neither of these findings is disputed now or was upon the cancellation proceeding below. Thus, in truth and in fact, this statutory requirement was entirely lacking in proof, although such deficiency did not appear at the naturalization hearing. That residence within the United States and the proof of such fact as prescribed in the statute, are jurisdictional requirements is not questioned.

The trial court based its judgment upon findings of both fraud and illegality. There is substantial evidence to support the judgment upon the ground of fraud, and since this ground alone was presented by the Government in its oral argument we do not herein make an expression as to the other ground. Fraud includes the mistaken statements of material facts which induce action by the other party, where the truth of such facts is within the special means of knowledge of the declarant. This principle is well stated in Bigelow, on Fraud, Vol. 1, p. 516, where he says: "What a man must know, it was in substance declared, must have regard to his particular means of knowledge and to the nature of the representation; and these must be subject to the test of the knowledge which a man, paying that attention which every one owes to his neighbor in making a representation to be acted upon, would have acquired in the particular case by the use of such means."

And it is said in Cooper v. Schlesinger, 111 U.S. 148, 4 S.Ct. 360, 361, 28 L.Ed. 382, "It is not necessary, to constitute a fraud, that a man who makes a false statement should know precisely that it is false. It is enough if it be false, and if he made it recklessly, and without an honest belief in its truth, or without reasonable ground for believing it to be true, and be made deliberately and in such a way as to give the person to whom it is made reasonable ground for supposing that it was meant to

be acted upon and has been acted upon by him accordingly. * * *"

See, also, Bentel v. United States, 2 Cir., 13 F.2d 327.

The appellant here relies upon the cases of United States v. Petrucci, D.C., 23 F.Supp. 687 and In re Tartaglione, D.C., 8 F.Supp. 212 to establish that "unintentional mistakes" are not grounds for cancellation of citizenship on basis of fraud. The former case is distinguishable from the case at bar in that the mistake there made was not of a jurisdictional fact, the fact of prior marriage being questioned; and the latter case is distinguishable in that there the mistake of the otherwise jurisdictional fact was affirmatively established in the cancellation proceedings as cured in a proper manner. While the establishment of fraud justifying cancellation of citizenship should be clearly proved, the matter is of grave importance and for that reason the statutory requirements should not lightly be set aside under the claim of mistake induced by carelessness. Here the party seeking citizenship had adequate means of ascertaining the truth or falsity of the statements he and his witnesses made in the application, and could have avoided the false representations which accompanied his application to the court of the Nation whose beneficences he sought, by scarcely more than a casual checking of the facts.

There is nothing to the point that because the district attorney did not introduce evidence at the trial to the effect that he had been presented with an affidavit showing the deficiencies of the petition, the judgment must be reversed. The portion of § 405, Tit. 8 U.S.C.A. which refers to the affidavit reads as follows: "It shall be the duty of the United States district attorneys for the respective districts * * * upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured. * * *"

This affidavit is not jurisdictional, but merely makes it the duty of the district attorney to proceed. The district attorney could institute proceedings of this character sua sponte whenever he had reason to

believe that the law had been violated in the respect alleged in the petition.

The case of United States v. Knight, D.C., 291 F. 129, was a proceeding under the same statute and no affidavit to the district attorney upon which to base the case was proved—in this respect exactly as here. The court referred to United States v. Leles, D.C., 227 F. 189, 190, and said, (page 130 of 291 F.), "The statute is inclusive, not exclusive, and, like statutes for actions on complaints by private prosecutors, does not preclude public prosecutors from proceeding of their own motion to enforce the laws."

The case was appealed to this court and was affirmed without reference to the affidavit. Had this court not been satisfied that the lower court had jurisdiction it would without doubt have ordered the case dismissed instead of affirming the judgment.

In justice to appellant it is fair to say that the testimony in this action does not show that he has been in the United States for a period less than the required time for naturalization.

Affirmed.