## UNITED STATES v. MAZZONI.

No. 461.

District Court, Middle District of Pennsylvania.

Feb. 7, 1942.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for the Government.

Nolan F. Ziegler, of Harrisburg, Pa., for defendant.

WATSON, District Judge.

This case was tried before the Court without a jury, and, from the evidence received, the facts are found as follows:

The respondent, Nicodemo Mazzoni, entered the United States lawfully and for permanent residence on December 2, 1920. In October of 1927 he went back to Italy to see his wife, who was ill. He did not secure a re-entry permit because of the hastiness of his departure. About three months after his arrival in Italy he applied to the American Consul for a non-quota visa to enable him to return to the United States, and his application was refused until he could produce proof that he could find employment upon his return to the United States. Upon securing this proof from his employer in the United States, a non-quota visa was issued to him, and he returned in August of 1928. On October 5, 1928, the respondent filed his Declaration of Intention to become a citizen of the United States. On August 16, 1930, the respondent again, because of the illness of his wife, returned to Italy, returning to the United States on December 30, 1930. For the purpose of this trip, the respondent secured a re-entry permit. On January 13,

1931, the respondent applied for a Certificate of Arrival, giving as the date of his entry, December 2, 1920. This application was filled out by some one connected with the court at Harrisburg. In response to certain questions therein, the answer is noted that respondent had been absent from the United States on only one occasion, being the one from August 16, 1930, to December 30, 1930. On August 24, 1931, the respondent filed his petition for citizenship and was duly examined thereon. In response to questions of the examiner, the respondent stated that he had been absent from the United States on only one occasion, from August 16, 1930, to December 30, 1930. In making this statement, the respondent did not understand the questions which were asked. On November 24, 1931, the respondent was admitted to citizenship. In 1938 or 1939, as a result of an investigation by the Immigration and Naturalization Service, United States Department of Labor, the respondent's absence from the United States in 1927 and 1928 was learned and, when interrogated at that time, he admitted that absence. On June 29, 1940, this proceeding for cancellation of the respondent's Naturalization Certificate was instituted.

This proceeding is brought pursuant to the provisions of Section 405 of Title 8, U.S.C.A., now 8 U.S.C.A. § 738, which authorizes the cancelling of certificates of citizenship (now naturalization) upon the ground of fraud or upon the ground that such certificate had been illegally procured.

■ The Government's contention that the respondent obtained his Certificate of Citizenship fraudulently is based upon his concealment of the fact of his absence for a period of almost ten months in 1927 and 1928. I have found as a fact, that the respondent was asked by the Examiner as to all of his absences during the five-year period immediately preceding the filing of his petition. However, I believe it is clear that the respondent did not understand the questions which were asked him. The respondent at the time of his examination in 1931 received a rating of only "fair" in English and this rating is only sufficient to justify his admission. At the time of the trial, his testimony was obtained only with great effort and his comprehension of the English language was so poor that cross-examination was almost impossible. His demeanor on the stand, however, was such that I am convinced that he was answering honestly and to the best of his ability and I have no doubt but that the questions which he did answer were answered truthfully. He testified that at no time prior to 1938 did he understand that the questions directed to him required a disclosure of his trip to Italy in 1927 and 1928 and that when questioned in 1938 or 1939, he understood that the questions were directed to that trip only after the question had been translated in Italian by his son. Under these circumstances, I cannot find that there was any intentional false statement made by the respondent to the Examiner.

■ The respondent has been a resident of the United States for more than twenty years, and the evidence shows that he has been a worthy, law-abiding person. The respondent has three sons, all of whom were born in Italy and are now living in the United States. One of these sons is serving with the armed forces of the United States, and the other two sons are of military age. The respondent has established a home in this country and has worked for the same corporation since 1928. These facts are similar to those in the case of United States v. Petrucci, D.C., 23 F.Supp. 687, where I said: "Revocation of his citizenship would result in a serious stigma, which would affect the lives of his children as well as himself. Under such circumstances, a Certificate of Citizenship should be revoked only upon the clearest and most satisfactory evidence and all doubts should be resolved against revocation."

■ The remaining evidence upon which the Government relies to support its charge of fraud consists of the false statements regarding respondent's absences from the United States contained in his application for a Certificate of Arrival. Were these statements made with such reckless disregard for the truth as to constitute fraud? The responsibility for answering truthfully and fully the questions contained in all papers filed in a naturalization proceeding rests with the alien and, under ordinary circumstances, he should not be permitted to evade responsibility for his answers by showing that he did not understand the questions contained therein. The privilege of citizenship which the United States of America has offered him is one of the greatest privileges that this country can offer, and failure to ascertain the correct meaning of the questions propounded constitutes such a wanton

disregard for the duty imposed upon him as to create a presumption that he acted fraudulently. Here, however, the respondent supplied the information to one who was apparently an officer of the court, and who inserted the facts given him by the respondent. The respondent did not understand the questions asked and, the entire procedure being clothed with an aura of authority, I feel that the respondent should not now be found to have acted fraudulently.

The Government contends that the Certificate of Citizenship was procured illegally, because the respondent's absence from the United States for more than six months and less than one year raises a presumption, unrebutted in the record of the naturalization proceeding, that the continuity of residence has been broken. Thus, it is contended that the requirement, that the alien must have five years' continuous residence in the United States of America, and immediately preceding the filing of the petition, has not been proved, and consequently the respondent has failed to meet one of the qualifications of the Act.

In support of this contention the Government has quoted at length from Schwinn v. United States, 9 Cir., 112 F.2d 74. In that case, the respondent's witnesses had not known him for the required five-year period, although the record in the cancellation proceeding revealed that the respondent had in fact actually resided continuously in the United States for the requisite period. The lower court cancelled the Certificate of Citizenship on the ground of fraud as well as illegality. The Circuit Court of Appeals affirmed but restricted its decision to the ground of fraud and, therefore, is not authority for the proposition here under consideration. However the Schwinn case is distinguishable on its facts because there one of the requirements of the statute had not been met; i. e., verification of the petition by two witnesses who knew the petitioner for a period of five years. 8 U.S.C.A. § 379, now repealed. See 8 U.S.C.A. 709(a) and 732.

■■ The rule for determining illegality is well stated in United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 425, 61 L.Ed. 853: "No alien has the slightest right to naturalization unless all statutory requirements are complied with; and every certificate of citizenship must be treated as granted upon condition that the government may challenge it, as provided in § 15 [8 U.S.C.A. §§ 738, 804], and demand its cancelation unless issued in accordance with such requirements. *If procured when prescribed qualifications have no existence in fact, it is illegally procured;* a manifest mistake by the judge cannot supply these nor render their existence nonessential." (Emphasis added.)

■■ The fallacy of the Government's contention is clear when tested by this rule. One of the prescribed qualifications, and sometimes called jurisdictional, Rosenberg v. United States, 3 Cir., 60 F.2d 475, is five years' continuous residence. The provision relative to an absence of more than six months and less than a year relates only to the burden of proof of continuous residence. Illegality consists not of failure of proof but of non-existence of an essential requirement provided by law. Here the facts shown clearly justify the absence of the respondent in 1927 and 1928, and the five years continuous residence exists in fact. Therefore, I feel that the respondent's innocent concealment of his absence, and consequent failure to rebut a presumption which did not appear of record at the time his petition for citizenship was acted upon, extends only to a matter of evidence, and does not taint the proceeding with illegality. Since the qualification of five years' continuous residence did in fact exist, the respondent's Certificate of Citizenship was not procured illegally and should not be cancelled for that reason.

### Conclusions of Law.

1. Under the circumstances in this case, the evidence as to fraud on the part of the respondent is not sufficiently clear and satisfactory to justify the revocation of respondent's Certificate of Citizenship.

2. The absence of the respondent from the United States in 1927 and 1928 did not break the continuity of his residence for five years immediately preceding the date of filing of his petition for citizenship, and the respondent did not procure his Certificate of Citizenship illegally.

3. The petition for cancellation of respondent's Naturalization Certificate should be dismissed.

Now, February 7, 1942, it is ordered that the petition for cancellation of Naturalization Certificate of Nicodemo Mazzoni be, and it is hereby, dismissed.