## UNITED STATES v. SCHUKNECHT.
### Civ. No. 3900.

District Court, E. D. New York.

Jan. 21, 1946.

T. Vincent Quinn, U. S. Atty., and Frank J. Parker, Asst. U. S. Atty., both of Brooklyn, N. Y., for plaintiff.

Henry G. Littau, of New York City, for defendant.

GALSTON, District Judge.

At the trial the first cause of action was dismissed on motion of the plaintiff, leaving for decision the second cause of action which seeks the revocation of the decree of naturalization of the defendant, and cancellation of the certificate of naturalization which was issued to the defendant on April 1, 1930 by the Supreme Court of Richmond County in the State of New York.

The revocation and the cancellation are sought on the ground that Lyons, one of the witnesses, who had sworn that he knew the defendant since January 1, 1924, did not in truth and fact know the defendant at any time prior to two years and two months before the filing of the petition.

The defendant testified that he arrived in this country in November, 1921; that he lived for a while first in Yonkers and then in New York City; that his occupation was that of waiter; that in September, 1927, he purchased a restaurant in Staten Island. One of his customers was Thomas C. Lyons. He said that Lyons had been introduced to him in 1923 by one Walter Lucht; that Lucht had died three or four years ago. His recital of his intercourse with Lyons between 1923 and 1927 is very vague and unconvincing.

Lyons, called as a witness by the Government, testified that he had met the defendant for the first time in 1927 at the Cottage Inn, a tavern in Stapleton where he was in the habit of taking his meals; that he had frequented that place before the defendant bought the restaurant in 1927. He said with firmness and conviction that he had never met the defendant until the defendant began operating the Cottage Inn, nor had he ever heard of the defendant before that time. In cross-examination he explained why he had filed a false affidavit in the Schuknecht naturalization proceedings. He said: "I will say that was thoughtlessness or carelessness. Knowing Mr. Schuknecht every day for the period when I first met him until he became a citizen, I was probably thoughtless and careless."

Again in cross-examination, Lyons, referring to answers to questions that had been put to him by the naturalization examiner, said: "It appears now they were not truthful. They were thoughtless and careless answers."

Reuben E. Wilson, an experienced member of the immigration and naturalization service, interviewed Schuknecht on November 16, 1943, before this action was begun. The witness said that Schuknecht admitted that he had not met Lyons before Schuknecht had taken over the Cottage Inn in the fall of 1927. Thereafter Schuknecht, on January 6, 1944, sought to change that statement so that it would appear that Schuknecht was then of the opinion that he might have met Lyons through Lucht prior to 1927, "but that he had no actual recollection that he did."

The issue presented then is one of credibility as between Schuknecht and Lyons. I have no hesitation in accepting the Lyons testimony. In consequence the citizenship must be revoked and the certificate cancelled. Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525; Schwinn v. United States, 9 Cir., 112 F. 2d 74, affirmed 311 U.S. 616, 61 S.Ct. 70, 85 L.Ed. 390, U.S.C.A., Title 8, Secs. 707, 747, and 34 Stat. 596, Sec. 4, subdivisions second and fourth.

Appropriate findings of fact and conclusions of law will be filed simultaneously herewith.