## UNITED STATES v. MENICHELLI.
### Civil Action No. 771.

District Court, M. D. Pennsylvania.
May 24, 1946.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for the Government.

Albert B. Carrozza, of Pittston, Pa., for defendant.

WATSON, District Judge.

This is a proceeding for the cancellation of the naturalization certificate of Cesare Menichelli.

The petitioner filed a declaration of intention on November 9, 1922, and a petition for citizenship on March 10, 1925. In his

petition for citizenship he alleged, under oath, that his lawful entry for permanent residence in the United States was on October 7, 1912, and that he had resided continuously in the State of Pennsylvania since October 8, 1912. It is undisputed that he was actually absent from the United States during a continuous period from about September 1919 to September 1922, a period of three years, of which approximately two and one-half years were within the five year period immediately preceding his application for citizenship on March 10, 1925. No mention of this absence was made by him in his declaration of intention or in his petition for citizenship, nor was the same revealed to the Naturalization Examiner in connection with the proceedings for his naturalization.

Under the Nationality Act of 1940, Section 307(b), 8 U.S.C. 707(b), an absence from the United States for a continuous period of more than six months but less than one year during the five year period creates a presumption of a break in the continuity of such residence, but such presumption may be overcome by the presentation of evidence, satisfactory to the Naturalization Court, that such individual had a reasonable cause for not sooner returning to the United States. However, as to absence from the United States for a continuous period of one year or more during the period for which continuous residence is required for admission to citizenship, it is provided that the same "shall * * * break the continuity of such residence" except under certain circumstances not involved here.

■■■ A similar provision was contained in the Act of March 2, 1929, 45 Stat. 1513, 1514. Prior thereto it was provided that it was to "be made to appear to the satisfaction of the court" of Naturalization that immediately preceding the application the applicant "has resided continuously within the United States five years at least." Section 4 of the Act of June 29, 1906, 34 Stat. 596, 598, 8 U.S.C.A. § 382. This was a jurisdictional requirement, and it was a question of fact for the determination of the Naturalization Court whether any absence from the United States during the five year period was a temporary absence, such as would not break the jurisdictional continuous residence requirement. Such determination could not, however, be made by the Court where the fact of such absence was not revealed to the Court, and an absence of two years or more was usually held to break the continuity. United States v. Cantini, 3 Cir., 212 F. 925; United States v. Sixto Mestres-Janssens, 3 Cir., 55 F.2d 881. As is well stated in Schwinn v. United States, 9 Cir., 112 F.2d 74, 75, affirmed 311 U.S. 616, 61 S.Ct. 70, 85 L.Ed. 390: "Thus, in truth and in fact, this statutory requirement was entirely lacking in proof, although such deficiency did not appear at the naturalization hearing. That residence within the United States and the proof of such fact as prescribed in the statute, are jurisdictional requirements is not questioned."

It is hereby ordered, adjudged, and decreed that the Certificate of Citizenship No. 2152970 granted to the said Cesare Menichelli on the 10th day of August, 1925, whereby the said Cesare Menichelli was admitted to citizenship in the United States of America, be and the same is hereby set aside and cancelled.

And it is further ordered that the said Defendant surrender the said Certificate of Citizenship to the Commissioner of Immigration and Naturalization.

And it is further ordered that the Clerk of this Court transmit a certified copy of this order and decree to the Clerk of the Court of Common Pleas of Luzerne County, Wilkes Barre, Pennsylvania, who will enter the same of record and cancel such original Certificate of Citizenship upon the records of the said Court.

And it is further ordered that the Clerk of this Court transmit a certified copy of this order and decree to the Commissioner of Immigration and Naturalization.

And it is further ordered that upon the defendant failing to deliver up within fifteen days from the date of this order, his naturalization certificate as hereinbefore ordered and directed for cancellation, then, upon the expiration of the said period aforesaid, this decree shall be and become valid and effectual for the cancellation of the said certificate and, on and after

740

the expiration of the said time, the said naturalization certificate shall be null and void.

This order is made without prejudice to the petitioner to apply again for citizenship.