**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Gaetano LUCCHESE, also known as Thomas Luckese, also known as Thomas Lucase, also known as Thomas Arra, also known as Thomas Luchese, Defendant-Appellee.**

**No. 274, Docket 24424.**

United States Court of Appeals Second Circuit.

Argued March 15, 1957.

Decided June 17, 1957.

---

Leonard P. Moore, U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y. (Elliot S. Greenspan, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff-appellant.

Richard J. Burke, New York City (Myron L. Shapiro, New York City, of counsel), for defendant-appellee.

Before HINCKS, STEWART and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

This is a denaturalization action brought under § 338(a) of the Nationality Act of 1940, 54 Stat. 1158,[1] later

---

1. Nationality Act of 1940:
   "Sec. 338(a). Revocation of Naturalization.
   "It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court specified in subsection (a) of section 701 in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturaliza-

amended by 66 Stat. 239 (1952), 8 U.S.C.A. § 1451(a), in which the government appeals from an order dismissing its complaint for failure to file an affidavit of good cause at the commencement of the proceeding. The District Court held that filing the affidavit after the complaint did not comply with the statutory requirement. On the authority of United States v. Matles, 2 Cir., 247 F.2d 378, we reverse.

Lucchese was naturalized in 1943. Prior to this, in 1941, he filed an application for a Certificate of Arrival and Preliminary Form for Petition of Naturalization, in which he admitted to one conviction for theft of an automobile in 1921 and swore that other than this he had never been arrested or charged with violation of the law. He also swore to this on an Alien Registration Form on December 16, 1940 and reiterated it before a Naturalization Examiner at a hearing on November 21, 1941, preliminary to the filing of the naturalization petition.

On the Alien Registration Form, the application, and at the hearing, he also swore that he had never been known by any name other than either Gaetano Lucchese or Thomas Lucchese.

On November 17, 1952 the Government filed a verified complaint to denaturalize Lucchese under § 338(a) of the Nationality Act of 1940. In the complaint it was alleged (1) that Lucchese's statements about his criminal record were false for he had been arrested not once but many times, and the complaint listed the dates, places and charges of five arrests in addition to the one he had admitted to; (2) that he had lied in testifying about the names he had used, for he had also used the name "Thomas Arra" when arrested in 1927 for receiving stolen goods; (3) that all these misrepresentations were for the purpose of fraudulently procuring citizenship; and (4) that these misrepresentations indicated that he was not a person of good moral character during the period required by law. The details of the complaint are material to this appeal, and we therefore set them out in the margin.[2]

tion on the ground of fraud or on the ground that such order and certificate of naturalization were illegally procured." 8 U.S.C., 1940 Ed., Sec. 738(a).

2. * * * "3. That on the 21st day of November, 1941, the said defendant filed his petition for naturalization #51652 in the District Court of the United States for the District of New Jersey, Newark, New Jersey.

"4. That on the 25th day of January, 1943, the said United States District Court for the District of New Jersey, relying on the truth and good faith of the representations made by the said defendant in his petition for naturalization, entered its order admitting him to citizenship in the United States and thereupon Certificate of Naturalization, #5701024, was issued to him on January 30, 1943 by (2) the Clerk of said Court.

"5. That the said defendant, prior to November 21, 1941, filed with the United States Immigration and Naturalization Service an Application for a Certificate of Arrival and Preliminary Form for Petition for Naturalization in which he certified in writing, in answer to the printed question whether he had ever been arrested or charged with violation of any law of the United States or State or any city ordinance or traffic regulation, that at age of 20 he had been arrested and convicted for theft of an automobile and sentenced to three years and nine months.

"6. That the said defendant, on November 21, 1941, during an examination preliminary to the filing of the aforesaid petition for naturalization did testify under oath before a United States Naturalization Examiner that he had never been arrested or charged with violation of any law of the United States or State or any city ordinance or traffic regulation except that in January 1921 at the age of 20 he had been convicted in the County Court of Suffolk County, Riverhead, New York, of larceny of an automobile for which he was sentenced to imprisonment of three years and nine months of which he served two years and nine months.

"7. That the said defendant, on November 21, 1941, during a hearing subsequent to the filing of the petition for naturalization did testify under oath before a United States Naturalization Examiner, who was duly designated by said Court to conduct such hearing, that he had never

No affidavit of good cause was filed with the complaint on November 17, 1952. However, such an affidavit was apparently drawn up on that date, for the affidavit ultimately filed on November 23, 1955 was dated the same day as the

been arrested or charged with violation of any law of the United States or State or any city ordinance or traffic regulation except that in January 1921 at the age of 20 he had been convicted in the County Court of Suffolk County, Riverhead, New York, of larceny of an automobile for which he was sentenced to imprisonment of three years and nine months of which term he served two years and nine months.

"8. That the aforesaid representations made by the said defendant as to his criminal record were false and fraudulent.

"9. That in fact and in truth, in addition to the arrest admitted by the defendant as aforesaid, he had prior to November 21, 1941 been (3) arrested on five other occasions as follows:

on or about August 30, 1927 in New York, N. Y. the defendant was arrested under the name of Thomas Arra on a charge of criminally receiving stolen goods;

on or about July 18, 1928 in New York, N. Y. the defendant was arrested under the name of Thomas Lucase on a charge of homicide (gun);

on or about September 8, 1930 in New York, N. Y. the defendant was arrested under the name of Thomas Luckese on a charge of homicide;

on or about July 4, 1931 the defendant was fingerprinted by the Cleveland, Ohio, Police Department for investigation;

on or about November 18, 1935 the defendant was arrested in New York, N. Y. under the name of Thomas Lucase on a charge of vagrancy.

"10. That the aforesaid false and fraudulent representations were made by the defendant and the aforesaid testimony was given by him for the purpose of and in order to deceive the Immigration and Naturalization Service, Department of Justice, United States of America, as well as the United States District Court in order to obtain his naturalization in violation of the law.

"11. That in the Application for a Certificate of Arrival and Preliminary Form for Petition for Naturalization filed by the said defendant with the United States Immigration and Naturalization Service prior to November 21, 1941, he certified in writing that his full true name and any other name which had been used were Gaetano Lucchese, also known as Thomas Lucchese.

"12. That the said defendant on November 21, 1941 during the aforementioned examination preliminary to the filing for the petition for naturalization testified under oath before a United States Naturalization Examiner that he had never used or been known by any other name than Gaetano Lucchese and Thomas Lucchese.

"(4) 13. That the said defendant on November 21, 1941 during the aforementioned hearing conducted subsequent to the filing of the petition for naturalization did testify under oath before a United States Naturalization Examiner who was duly designated by said Court to conduct such a hearing, that he had never used or been known by any other name other than Gaetano Lucchese and Thomas Lucchese.

"14. That the aforesaid representations made by the said defendant as to his name were false and fraudulent.

"15. That in fact and in truth in addition to the names Gaetano Lucchese and Thomas Lucchese the defendant had used the name Thomas Arra when arrested in New York, N. Y. on or about August 30, 1927, for criminally receiving stolen goods.

"16. That the aforesaid false and fraudulent representations were made by the defendant and the aforesaid testimony was given by him for the purpose of and in order to deceive the Immigration and Naturalization Service, Department of Justice, United States of America, as well as the United States District Court in order to obtain his naturalization in violation of the law.

"17. That on December 16, 1940 the said defendant executed an Alien Registration Form pursuant to the Alien Registration Act of 1940 and regulations made thereunder in which he represented under oath that

"a. his name was Gaetano Lucchese and that he was also known by the name of Thomas Lucchese

"b. he had been arrested for larceny in 1920 at New York City, N. Y. for which he was sentenced to three years and nine months.

"18. That the aforesaid representations were false and fraudulent in that

"a. the defendant had in truth and in fact used the name of Thomas Arra when arrested in New York City in 1927 for criminally receiving stolen goods

verified complaint and referred to it as "the attached complaint." This affidavit, sworn to by Ralph Farb, an Attorney for the Immigration and Naturalization Service, stated:

"* * * [A]s more fully appears from the attached complaint of the United States against Gaetano Lucchese, etc., which complaint seeks revocation of defendant's naturalization, good cause exists for revocation of naturalization for the following reasons:

"1. The defendant fraudulently procured naturalization in that he misrepresented facts as to his name and identity and also as to his record of arrests.

"2. The defendant's naturalization was illegally procured in that at the time of admission to citizenship he had not been for the period required by law, a person of good moral character, having both in naturalization

"b. the defendant had been arrested five additional times as more fully stated in paragraph 9 above.

"(5) 19. That the defendant was not a person of good moral character during the period required by law inasmuch as he had falsely and fraudulently represented under oath on December 16, 1940 in an Alien Registration Form required under the provisions of the Alien Registration Act of 1940 and regulations made thereunder that the only names by which he had been known were Gaetano Lucchese and Thomas Lucchese whereas, in fact, he had also been known as Thomas Arra.

"20. That the defendant was not a person of good moral character during the period required by law inasmuch as he had falsely and fraudulently represented under oath on December 16, 1940 in an Alien Registration Form required under the provisions of the Alien Registration Act of 1940 and regulations made thereunder that his only arrest was in New York City in 1920 for larceny whereas, in fact, he had been arrested on five other occasions as more particularly set forth in paragraph 9 above.

"21. That the defendant was not a person of good moral character during the period required by law inasmuch as he had falsely and fraudulently represented in the course of his naturalization proceedings both in the preliminary written

proceedings and in alien registration proceedings made false and fraudulent representations under oath."

On October 27, 1955 Lucchese moved to dismiss the complaint for failure to file the affidavit. The government, on November 23, 1955, then filed the affidavit which was dated November 17, 1952, and Judge Inch denied the motion on the ground that the affidavit requirement had been satisfied.

On March 26, 1956 Lucchese again moved to dismiss on the grounds that (1) the affidavit failed to set forth the facts showing good cause for the institution of the proceeding; (2) the affidavit itself showed that the action was not based on the affidavit; (3) the affidavit was filed after the complaint. Judge Inch again denied the motion.

After the decision in United States v. Zucca, 351 U.S. 91, 76 S.Ct. 671, 100 L.Ed. 964 (April 30, 1956), Lucchese

application filed before November 21, 1941 and in his sworn testimony of November 21, 1941 before various United States Naturalization Examiners that the only names by which he had been known were Gaetano Lucchese and Thomas Lucchese whereas, in fact, he had also been known as Thomas Arra.

"22. That the defendant was not a person of good moral character during the period required by law inasmuch as he had falsely and fraudulently represented in the course of his naturalization proceedings both in the preliminary written application filed before November 21, 1941 and in his sworn testimony of November 21, 1941 before various United States Naturalization Examiners that his only arrest was at the age of 20 in the County Court, Riverhead, Long Island, New York when he was convicted for theft of an automobile, whereas, in fact, he had been arrested on five other occasions as more particularly set forth in paragraph 9 above.

"(6) 23. That the naturalization of the said defendant was illegally and fraudulently procured.

"24. That good cause exists for the institution of a suit under Section 338 of the Nationality Act of 1940 (8 U.S.C. 738) to set aside and cancel naturalization of the said Gaetano Lucchese as having been illegally and fraudulently procured." * * *

moved to reargue his motions on the ground that the decision in Zucca supported each of the three grounds for dismissal that he had previously presented. Judge Inch held that Zucca required the affidavit to be filed with the complaint and, reversing his prior rulings, dismissed the complaint.

Whether the affidavit must be filed with the complaint was one of the issues before this court in United States v. Matles, supra, in which it was held that the affidavit can be filed after the complaint and that United States v. Zucca, supra, does not require otherwise. Hence, on the authority of United States v. Matles, we reject the defendant's reading of Zucca.

For the reasons stated in the Matles decision, we also reject defendant's contention that the affidavit of good cause must be made by someone with personal knowledge of the facts sworn to. See also United States v. Costello, D.C.S.D.N.Y.1956, 142 F.Supp. 290.

Lucchese further contends that the good cause affidavit is inadequate because it does not contain evidentiary facts in support of the complaint but merely the conclusory statements that defendant fraudulently procured citizenship by misrepresentations as to his name, identity and criminal record, and that because of these misrepresentations he did not satisfy the good moral character requirements.

Examination of the affidavit discloses that it contained more that these conclusory statements which, by themselves, would certainly be insufficient. These conclusions were prefaced by an incorporation by reference of the complaint, in these words:

"* * * as more fully appears from the attached complaint of the United States v. Gaetano Lucchese, etc., which complaint seeks revocation of defendant's naturalization, good cause exists for revocation of naturalization. * * *"

As noted, the complaint contained detailed allegations setting forth many evidentiary matters,[3] and, if incorporated, would bring the affidavit up to the standard which Zucca seems to have established, 351 U.S. at page 99, 76 S.Ct. at page 676.

Lucchese claims, however, that this attempted incorporation by reference is ineffective, for no complaint was attached to the affidavit and he therefore could not know that the complaint herein was intended. This contention is frivolous. The record discloses only one denaturalization complaint outstanding against Lucchese, and that was dated the same day as the affidavit, although as we have stated, the affidavit was not filed until much later. It is inconceivable that Lucchese or anyone else who had read and had possession of the original complaint could be at all uncertain as to which complaint was referred to.

Lucchese also seems to contend that under § 338(a) the action must be based "upon [an] affidavit showing good cause therefor," and that this action was not, but upon records in the Immigration and Naturalization Service and the Federal Bureau of Investigation. He seems to interpret the word "upon" to mean that the affidavit must be the source of the information on which the government bases its action. The affidavit must therefore be in existence prior to the initiation of the action and, he contends, that was not true here, for whatever complaint was referred to in this affidavit the latter was drawn up after that complaint.

In support of his argument that the action was not based upon the affidavit herein, Lucchese points to these factors: (1) verification in the complaint does not refer to the affidavit as the source of information but rather to "correspondence, papers and reports"; (2) the affidavit does not itself state the evidentiary matter but refers to the complaint, and this, he contends, necessarily implies that the affidavit was drawn up after

3. See note 2 supra.

the complaint and that the action could not have been based on the affidavit.

While agreeing with Lucchese's interpretation of the statutory use of "upon," see United States v. Zucca, 351 U.S. at page 100, 76 S.Ct. at page 677, we do not agree that the statute was not complied with.

■ As to the first point, "correspondence, papers and reports" are words sufficiently broad and comprehensive to include an affidavit. Secondly, we are not persuaded that the affidavit was not drawn up until after the complaint was filed, simply because the affidavit incorporates the allegations of the complaint. The use of this shorthand device indicates only that the two documents were drawn up at about the same time. It does not imply that the affidavit was drawn up after the complaint was filed. On the contrary, it would seem that here the affidavit and complaint were drawn up at about the same time, and were completed by November 17, 1952 when the complaint was filed. Apparently it was not the practice to file the affidavit with the complaint and so the affidavit was kept in the files of the United States Attorney. But regardless of whether the affidavit was filed with the complaint or later, see United States v. Matles, supra, suit was commenced only after an affidavit of good cause had been executed, and that constitutes full compliance with the statutory requirement of § 338(a) that the suit be based upon the affidavit.

■ In § 338(a) Congress sought to guard against the misadventure that suits with such serious possible consequences to naturalized citizens might be commenced without a careful preliminary study and a finding simultaneous with the filing of the suit that there was good cause for its commencement. In this case the date and contents of the affidavit

show that the defendant has enjoyed the protection which Congress intended he should have. The motion to dismiss the complaint should have been denied.

Accordingly we reverse the order of the District Court.

STEWART, Circuit Judge (concurring).

In view of United States v. Zucca, 351 U.S. 91, 76 S.Ct. 671, 100 L.Ed. 964, the district court held that a denaturalization proceeding could not be maintained when the affidavit of good cause was filed subsequent to the complaint. My independent view is that the district court was correct.

The concluding words of the prevailing opinion in Zucca seem to me unambiguous: "The mere filing of a proceeding for denaturalization results in serious consequences to a defendant. Even if his citizenship is not cancelled, his reputation is tarnished and his standing in the community damaged. Congress recognized this danger and provided that a person, once admitted to American citizenship, should not be subject to legal proceedings to defend his citizenship without a *preliminary showing* of good cause. Such a safeguard must not be lightly regarded. We believe that, not only in some cases but in all cases, the District Attorney must, as a *prerequisite to the initiation* of such proceedings, file an affidavit showing good cause." [Emphasis added.] 351 U.S. 99–100, 76 S.Ct. 676–677.

I agree with my brethren, however, that the law of this circuit is now otherwise. For that reason alone I concur. While a distinction could be made between this case and United States v. Matles, 2 Cir., 247 F.2d 378, in that an amended complaint was filed there, the basic issue is substantially the same in both cases.