**UNITED STATES of America,**
**Appellant,**

v.

**David DIAMOND, etc., and Freeda Diamond, etc., Appellees.**

**No. 15393.**

United States Court of Appeals
Ninth Circuit.

Dec. 31, 1957.

Concurring Opinion Jan. 10, 1958.

Affirmed by Supreme Court April 7, 1958.
See 78 S.Ct. 715.

Laughlin E. Waters, U. S. Atty., James R. Dooley, Richard A. Lavine, Los Angeles, Cal., for appellant.

Gostin & Katz, Irwin Gostin, San Diego, Cal., Brock, Fleishman & Rykoff, Robert L. Brock, Hollywood, Cal., for appellees.

Before STEPHENS, Chief Judge, and FEE and HAMLEY, Circuit Judges.

STEPHENS, Chief Judge.

The United States is here appealing from dismissals of these actions for denaturalization by Judge Ben. Harrison. The sole question raised concerns Section 340(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. 1451(a). We quote the applicable portion of the statute:

"It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court specified in subsection (a) of section 1421 of this title * * * for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were procured by concealment of a material fact or by willful misrepresentation. * * *"

The complaints in these actions were filed on November 1, 1954, without the prior filing of an affidavit separate from the sworn to complaint. On March 1, 1955, the defendant-appellee David Diamond, filed a motion to dismiss the complaint on the ground that the court lacked jurisdiction because the United States Attorney had not filed with the complaint an affidavit showing good cause. A sim-

ilar motion was filed by defendant Freeda Diamond on March 25, 1955. The trial judge denied both motions relying on an opinion of this Court. Schwinn v. United States, D.C., 112 F.2d 74, affirmed 311 U.S. 616, 61 S.Ct. 70, 85 L.Ed. 390. The appellees then filed their answers; the cases were consolidated for trial; and the trial commenced on February 28, 1956. On the opening day of the trial, appellant offered affidavits of good cause in evidence, and they were accepted by the trial judge over objection by counsel for appellees. It was stipulated by the parties that the United States Attorney had these affidavits in his possession at the time the complaints were filed, and that they were shown to counsel for defendant-appellee Freeda Diamond at the pre-trial hearing, and that counsel was informed that the affidavits would be offered during the trial. Counsel for the Diamonds were given a copy of these affidavits on February 29, 1956, and the trial proceeded. At the conclusion of the government's case, the Diamonds rested, and the court took the case under submission. The court and counsel discussed the case of United States v. Zucca, 351 U.S. 91, 76 S.Ct. 671, 100 L.Ed. 964, and counsel were directed to file briefs on its effect on the doctrine of the Schwinn case. Finally Judge Harrison dismissed both the actions without prejudice, viewing Zucca as holding that the filing of the affidavit prior to institution of action was an indispensable requirement. The Court could have done nothing else in the face of the following language (of Chief Justice Warren) in the Zucca opinion:

(351 U.S. at page 100, 76 S.Ct. at page 677)

"We believe that, not only in some cases but in all cases, the District Attorney must, as a prerequisite to the initiation of such proceedings, file an affidavit showing good cause."

Chief Justice Warren also says, 351 U.S. on page 99, 76 S.Ct. on page 676:

"The mere filing of a proceeding for denaturalization results in serious consequences to a defendant. Even if his citizenship is not cancelled, his reputation is tarnished and his standing in the community damaged. Congress recognized this danger and provided that a person, once admitted to American citizenship, *should not be subject to legal proceedings to defend his citizenship without a preliminary showing of good cause."* (Emphasis supplied.)

Since the Zucca decision, the requirement that an affidavit be filed has been discussed in Nowak v. United States, 6 Cir., 238 F.2d 282, certiorari granted 353 U.S. 922, 77 S.Ct. 679, 1 L.Ed.2d 719; United States v. Lucchese, 2 Cir., 247 F.2d 123; United States v. Matles, 2 Cir., 247 F.2d 378; United States v. Costello, 2 Cir., 247 F.2d 384. While these cases are interesting, they present facts somewhat different from those of our case, and a detailed analysis would be fruitless.

The judgment is affirmed.

JAMES ALGER FEE, Circuit Judge (concurring in result).

The language and reasoning of the majority opinion go much too far. Insofar as it is held that introduction of the affidavits at trial does not satisfy the requirements in a denaturalization case, where rigid safeguards of the rights of the defendant are necessarily required, I agree. The dismissal without prejudice was proper. But it seems clear that the Supreme Court did not intend, in establishing such safeguards, to promulgate a technical formula which must be followed, to the letter and at all events, on peril of dismissal upon jurisdictional grounds. This panel should not attempt to bind the court in such manner that we cannot examine other procedural devices in subsequent cases where the defendant may have been fully protected by the filing of the affidavits.