The WASHINGTON POST COMPANY

v.

UNITED STATES DEPARTMENT OF STATE et al., Appellants.

The WASHINGTON POST COMPANY

v.

UNITED STATES DEPARTMENT OF STATE et al., Appellants.

Nos. 80–1509, 80–1606.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 23, 1980.

Decided Feb. 24, 1981.

---

Bruce G. Forrest, Atty., Dept. of Justice, Washington, D. C., with whom Alice Daniel, Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty., and Barbara L. Herwig, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellants.

Lon S. Babby, Washington, D. C., with whom John B. Kuhns, Washington, D. C., was on the brief, for appellee.

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

Before LUMBARD *, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, ROBB and GINSBURG, Circuit Judges.

PER CURIAM.

In this Freedom of Information Act proceeding the Washington Post seeks Department of State records that would indicate whether two individuals now residing in Iran are U.S. citizens or hold U.S. passports. The Department withheld the records, claiming that they were exempt from disclosure under 5 U.S.C. § 552(b)(6) (1976). That provision protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." On cross-motions for summary judgment, the district court ordered disclosure of the records. The Department of State appeals from that judgment.

This court's precedent establishes that an agency may not withhold information on the basis of Exemption 6 unless the agency makes two showings: (1) the information is contained in "personnel and medical files" or "similar files" and (2) disclosure would constitute a "clearly unwarranted invasion of personal privacy." *Simpson v. Vance*, 648 F.2d 10, at 12 (D.C.Cir.1980) (quoting the statutory language). We hold that in the circumstances presented, the Department of State is unable to meet the first facet of the statutory test as delineated in *Simpson*. Therefore we do not engage in the further inquiry the Department invites.

The Department argues initially that the records at issue are similar to personnel files because citizenship is an intimate personal detail. We rejected that argument in *Simpson, supra.* There we reiterated that to qualify as "similar" files, the recorded data must incorporate "intimate details" about an individual, information " 'of the same magnitude—as highly personal or as intimate in nature—as that at stake in per-

sonnel and medical records.'" At 13, 14, (quoting *Board of Trade v. Commodity Futures Trading Commission*, 627 F.2d 392, 398 (D.C.Cir.1980)). We held, specifically, that a Department of State publication, the *Biographic Register*, was not similar to personnel files and, therefore, was not protected from disclosure under Exemption 6. The *Register* contained information such as place of birth, date of naturalization, educational background, and work experience of senior-level and mid-level federal employees involved in this country's foreign policy.[1] We conclude that the facts of current citizenship or possession of a United States passport are no more personal than the dates of naturalization held nonexempt in *Simpson*.[2] Without overturning *Simpson* and our earlier expressions consistent with it, we cannot rule that the information sought here is contained in files "similar" to "personnel and medical files."

The Department urges that release of this information may endanger the lives of the two individuals since they have returned to Iran and "[a]ny individual in Iran who is suspected of being an American citizen or of having American connections is looked upon with mistrust." Affidavit of Harold H. Saunders, at 2; Joint Appendix at 19. The Department pressed a similar point in *Simpson*, arguing that release of the biographical directory might endanger United States diplomatic personnel abroad. As in *Simpson*, since we conclude that the files in question do not qualify under the first facet of the Exemption 6 test, we do not reach the issue of balancing interests in disclosure against privacy concerns.

While we are sympathetic to the Department's reluctance to release these records, we find inescapable the response supplied in *Simpson* : "[T]he Department is attempting to fit a square peg in a round hole"; "Congress did not design Exemption 6 to encompass the withholding of information on the basis of the physical security [of persons stationed or residing overseas]." At 17. The Department's concern is clear, but it is not within our province to recast Exemption 6 or this court's precedent to accommodate that concern.

*Affirmed.*

LUMBARD, Circuit Judge (concurring):

Were the issue one of first impression in this Circuit, I would note to hold that citizenship or naturalization information is protected from disclosure by Exemption 6 of the Freedom of Information Act. 5 U.S.C. § 552(b)(6). Although this Circuit held to the contrary in *Simpson v. Vance*, 648 F.2d 10 (D.C. Cir. 1980), the panel there was concerned with naturalization information relating to State Department employees, one item of information (and an item listed only for those employees who in fact had been naturalized) out of twelve sought by the plaintiffs in that case. The opinion does not include any specific discussion of the personal privacy interests at stake in disclosure of citizenship and naturalization information. I think it quite possible that the *Simpson* panel failed to envision situations such as the one before us now, in which revelation of American citizenship information relating to officials of foreign governments would be extremely embarrassing to the individuals involved. The facts of the case before us dramatically demonstrate that citizenship and naturalization information is often of a highly personal and potentially embarrassing nature. I also note that while such information is a matter of public record on file in various federal district courts across the country,

---

1. In *Simpson* we did allow the Department to delete information about the employees' marital status. Records revealing marital status had been found to be "similar files" in *Rural Housing Alliance v. United States Department of Agriculture*, 498 F.2d 73 (D.C.Cir.1974).

2. The Department attempts to distinguish *Simpson* on the ground that the directory in-

volved there contained information on thousands of employees while the records sought in this case concern only two individuals. But our task is to determine whether the files from which information is sought are "similar" to "personnel and medical files." That determination remains constant; it does not vary with the amount of information the requester seeks.

the information is difficult to locate, and the same appears to be true of the marital and family information which was held excludable in *Simpson.*

I recognize, however, that *Simpson* states the law of this Circuit on the issue. Because of this, and only because of this, I now concur. *Cf. United States v. Lucchese,* 247 F.2d 123, 129 (2d Cir. 1957) (Potter Stewart, J., concurring), *rev'd sub nom. Matles v. United States,* 356 U.S. 256, 78 S.Ct. 713, 2 L.Ed.2d 741 (1958).