**UNITED STATES of America**

v.

**Joseph HARAJOVIC.**

**Civ. A. No. 53–1097.**

United States District Court,
D. Massachusetts.

Nov. 19, 1954.

---

2. 8 U.S.C.A. § 903.

Anthony Julian, U. S. Atty., Jerome Medalie, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Henry M. Leen, Thomas E. Goode and Burns, Blake & Rich, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a proceeding brought in November, 1953 to revoke the defendant's certificate of naturalization obtained in 1944 in the United States District Court for the District of Georgia. The complaint expressly asserts jurisdiction under, and violation of, both the Nationality Act of 1940 and the Immigration and Nationality Act of 1952. The defendant has filed motions to dismiss and to strike. These motions raise, inter alia, the question of the applicability of the 1940 act. I shall confine myself to that single question. It is of importance because the defendant contends, whether correctly or not I do not decide, but shall assume, that the 1940 act provided substantive grounds for revocation which do not exist under the present one.

This question is, apparently, of first impression. While there are remarks in a few opinions cited by the government to the effect that the vulnerability of 1940–1952 certificates is always to be determined under the 1940 act, it appears by the docket numbers, or otherwise, that all of these cited cases had been instituted prior to December 24, 1952 when the later act became effective. The courts did not have the present question before them, and did not purport to be deciding it.

Neither am I appreciably helped by the passages to which my attention has been called from committee and commission reports describing the intended purpose or effect of the provisions of the 1952 act. I do not find sufficient ambiguity to call such guides into consideration.

Section 403(b) of the 1952 act, 8 U.S.C.A. § 1101 note, expressly repeals all conflicting laws, except to the extent provided in § 405, 8 U.S.C.A. § 1101 note. Section 405(a) of this savings clause preserves the validity of any certificate, or other of certain listed items, valid when the act took effect, including "any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing * * *."

The government argues that the word "liability" includes liability for the assertion or determination in a subsequent proceeding that a certificate is invalid. This might be so in a broad sense, but it does not necessarily mean anything more than that the validity is open to subsequent attack, as distinguished from the method by which it is to be attacked, or the extent.

When one turns to the 1952 act § 340(i), 8 U.S.C.A. § 1451(i), provides that the revocation provisions of that act "shall apply not only to any naturalization granted and to certificates of naturalization and citizenship issued under the provisions of this subchapter, but to any naturalization heretofore granted by any court * * *."

If this leaves any doubt that the provisions of the 1940 act are not applicable to proceedings commenced after the 1952 act became effective, we may return to § 405(b), 8 U.S.C.A. § 1101 note, which expressly provides that naturalization proceedings commenced under the 1940 act shall continue to be heard and determined in accordance with that act.

There is no complementary provision that the invalidity or revocation provisions of the 1940 act remain in effect as to naturalizations obtained under the 1940 act, but not attacked until afterwards.

It seems to me it would be cumbersome, if not altogether unworkable to have a naturalization certificate attacked simultaneously under the, by hypothesis, conflicting provisions of two different acts, and that it should take a strong showing of legislative intent to produce that result. My interpretation of the 1952 act rebuts rather than encourages such a finding.

The defendant's motion to strike all references in the complaint to the 1940 act is granted. The plaintiff may file a new complaint within 30 days. The remainder of defendant's motions is denied without prejudice.