**UNITED STATES of America**

v.

**Hyman KAPLAN.**

Civ. A. No. 3509.

United States District Court
D. Connecticut.

March 28, 1955.

Order Reopening Ruling May 4, 1956.

Simon S. Cohen, U. S. Atty., Hartford, Conn., for the United States.

Samuel Gruber, Stamford, Conn., Catherine G. Roraback, New Haven, Conn., for defendant.

ANDERSON, District Judge.

The defendant's motion to dismiss presupposes that the filing of an affidavit is a jurisdictional prerequisite. Judge Hincks ruled upon this question in this case in his memorandum of April 29, 1952, and his reasoning is adopted here in ruling on the present motion. The defendant relies upon the case of United States v. Zucca, D.C., 125 F.Supp. 551, to support his contention. While in that case in a very full and scholarly opinion the court decided that the affidavit was a jurisdictional requirement, I venture to disagree. Although in the history of the enactment of Section 338(a) of the Nationality Act of 1940 [1] there was discussion of "the *power* to institute proceedings" for denaturalization, the law as passed says: "It shall be the *duty* of the United States district attorneys * * * upon affidavit showing good cause therefor * * *." The district attorneys had the power under the general authority of their office; it did not derive from the filing of the affidavit. If a proper affidavit were filed, the district attorney then had the *duty* to proceed. If Congress had meant "power" instead of "duty" it could have said so.

While the filing of the affidavit is not a jurisdictional necessity, the Government has filed one in this case. The defendant complains that a purported affidavit of the Assistant U. S. District Attorney is not competent. It is difficult to see how the defendant is in any way prejudiced or harmed by it. It sets forth facts which, if proven, would demonstrate that there was good cause for the institution of the proceedings but they still must be proved. Its effect is no different from a verified complaint or sworn bill of particulars.

With regard to the Government's motion to strike the defendant's demand for jury trial, the Government claims

1. Now 8 U.S.C.A. § 1451(a).

**578**

that this is an equitable matter to be heard by the court and that the defendant's demand was not timely whereas the defendant asserts that it was timely and that the court should refuse to follow Luria v. United States, 231 U.S. 9, 34 S. Ct. 10, 58 L.Ed. 101, holding that a proceeding such as this was a matter for the court. At the two most recent motion lists when the present case came on for hearings on motions, the court explained to the parties that in its memorandum of September 28, 1954, it did not intend in using the words "second substituted petition" to indicate an entirely new action but rather an amendment to the "first substituted petition." Although the rearrangement and redescriptions of counts might on analysis entitle the defendant to demand a jury trial with its answer to the so-called second substituted petition on January 27, 1955, for any jury issues involved, there do not appear to be any. There is no doubt that the issues presented are all equitable in nature and are for the court to decide. There is every reason to follow the decision of the Luria case.

The motions to dismiss and strike the affidavit are denied and the motion to strike the defendant's demand for jury trial is granted.

Order Reopening Ruling on Defendant's Motion to Dismiss Petition or Strike Affidavit

On March 28, 1955, this court denied the defendant's motions to dismiss the Government's petition or to strike the affidavit filed in this case on February 4, 1955, by the Assistant United States Attorney. These rulings made on March 28, 1955 are hereby reopened and set aside in view of the decision of the Supreme Court of the United States in the case of U. S. v. Zucca, 351 U.S. 91, 76 S.Ct. 671, 100 L.Ed. 964. The motion to dismiss the petition is granted unless within 60 days from the date hereof, the Government, as petitioner, files an affidavit setting forth evidentiary matters showing good cause for cancellation of the defendant's citizenship in accordance with the opinion in the Zucca case.

The motion to strike the affidavit of the Assistant United States Attorney is granted.

The ruling made on March 28, 1955 granting the petitioner's motion to strike the defendant's demand for a jury will stand.