UNITED STATES of America

v.

Alexander SHINKEVICH.

Civ. A. No. 16904.

United States District Court
E. D. Pennsylvania.

April 26, 1955.

W. Wilson White, U. S. Atty., Joseph L. McGlynn, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

A. Harry Levitan, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This is a proceeding in which the United States seeks to revoke a certificate of naturalization granted by this Court on June 14, 1945 to defendant Alexander Shinkevich. The action is brought pursuant to Section 338(a) of the National-

11. N.Y.Code Crim.Proc. § 344(1).

ity Act of 1940, 8 U.S.C. § 738(a), as continued in force and effect by Section 405(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1101 note; and Section 340(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1451(a). Defendant has filed three motions, viz. (1) motion for more definite statement under Rule 12(e), (2) motion to strike under Rule 12(f), and (3) motion to dismiss complaint under Rule 12(b). Fed.Rules Civ.Proc. 28 U.S.C.

■ As to the first motion, it appears to the Court from a reading of paragraphs 13, 14 and 16 of the complaint that they are clear, concise and definite. There is no ambiguity in the pleading nor are the allegations vague. No elaboration is necessary in order to enable the defendant to form a responsive pleading. Under the circumstances defendant's motion for a more definite statement as to those paragraphs will, therefore, be denied.

The motion to strike paragraphs 10, 11, 12 and 15 of the complaint, which set forth "illegal procurement" as grounds for denaturalization, is based upon the ground that they are laid under the denaturalization provisions of the Nationality Act of 1940, supra. This motion raises the question of the applicability of the 1940 Act in any proceeding to revoke citizenship commenced after the 1952 Act became effective.

Section 340(i) of the 1952 Act, 8 U.S.C.A. § 1451(i), provides that the revocation provisions of that Act "shall apply not only to any naturalization granted and to certificates of naturalization and citizenship issued under the provisions of this subchapter, but to any naturalization heretofore granted by any court * * *."

Section 405(b) of the same Act, 8 U.S.C.A. § 1101 note, expressly provides that naturalization proceedings commenced under the 1940 Act shall continue to be heard and determined in accordance with that Act.

■ The precise question here involved (the applicability of the 1940 statute) was raised in the case of United States v. Harajovic, D.C.Mass.1954, 125 F.Supp. 659, and was decided in favor of the defendant in a well-reasoned opinion by Judge Aldrich of that court. While the Government in this case contends strenuously that the savings clause of the 1952 Act permits it to proceed under the 1940 Act, I agree with the reasoning and the conclusions reached by Judge Aldrich. Accordingly, the defendant's motion to strike paragraphs 10, 11, 12 and 15 of the complaint will be granted.

■ The motion to dismiss the complaint for lack of jurisdiction is based principally upon the fact that the Government did not attach to its complaint an affidavit showing good cause, which defendant argues is a prerequisite to the institution of the suit under the provisions of Section 340(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1451(a). Although the complaint does set forth that the necessary affidavit has been submitted to the United States Attorney, defendant contends that the filing of the affidavit with the complaint is a jurisdictional requirement and that by failing to file it the jurisdiction of this Court never attached. Undoubtedly, there is conflict in court decisions on this point. Judge Murphy of the District Court for the Southern District of New York in the case of United States v. Collins, 1955, 131 F. Supp. 545 held that the filing of the affidavit was not a jurisdictional requirement. On the other hand, Judge Ryan of the same court held directly to the contrary in the case of United States v. Candela, 1954, 131 F.Supp. 249. It appears to me that the case of Schwinn v. United States, 9 Cir., 1940, 112 F.2d 74, relied upon by Judge Murphy in his opinion presents sound reasoning for the proposition, which I believe to be the correct rule of law, that the filing of the affidavit of good cause is not jurisdictional in character. The additional grounds raised by the defendant in this motion, laches and res adjudicata, were abandoned at the time of oral argument

and, therefore, will not be discussed. It appears to the Court that the complaint, even with the elimination of paragraphs 10, 11, 12 and 15, states a case upon which, if the allegations are proved at trial, relief can be granted. The motion to dismiss will, therefore, be denied.