## UNITED STATES of America, Plaintiff,

v.

## Frank COSTELLO, Defendant.

United States District Court
S. D. New York.
May 21, 1956.

See, also, D.C., 16 F.R.D. 428, 142 F.Supp. 325.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, Alfred P. O'Hara, Earl J. McHugh, Edwin J. Wesely, Asst. U. S. Attys., New York City, of counsel, for plaintiff.

Jack Wasserman, Washington, D. C., George Wolf, New York City, for defendant.

DIMOCK, District Judge.

This is an action to denaturalize defendant. He moves to dismiss it on two grounds: (1) failure of the Government to file, at the time of filing the complaint, the affidavit of good cause required by section 1451(a) of title 8 United States

Code; and (2) insufficiency of an affidavit of good cause filed more than three years after the filing of the complaint.

The complaint was filed on October 22, 1952. The affidavit of good cause, though verified on September 25, 1952, was not filed until November 17, 1955.

■ A motion previously made by defendant to dismiss this complaint on these same two grounds was denied by Judge Dawson in a memorandum dated December 9, 1955. D.C., 142 F.Supp. 325. The motion has been renewed to determine whether a different decision is required by the recent Supreme Court opinion in United States v. Zucca, 1956, 76 S.Ct. 671, 677. It is conceded by both parties that, at the very least, that case held that an affidavit of good cause must be filed in denaturalization proceedings.

Defendant contends that the Zucca case holds that the filing of an affidavit of good cause is an essential condition to jurisdiction. If this interpretation is correct, a later filing of an affidavit would not cure the defect, for jurisdiction would never have been obtained. In support of this interpretation defendant points to the closing paragraph of the court's opinion, where it is stated that

"We believe that, not only in some cases but in all cases, the District Attorney must, as a prerequisite to the initiation of such proceedings, file an affidavit showing good cause."

The question is thus presented whether the Supreme Court meant that filing was a jurisdictional prerequisite or merely a procedural prerequisite. Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364. I can find nothing in the opinion which would indicate that the Supreme Court regarded the requirement as jurisdictional. There is no suggestion that a denaturalization order would be void if the affidavit had not been filed with the complaint. There is no suggestion that a court could not, upon proper terms, permit the late filing of the affidavit in a pending proceeding. On the other hand, in five places in the opinion, the word "procedural" is applied to the requirement.

Defendant's motion to dismiss the complaint because of late filing of the affidavit of good cause must therefore be denied.

■ The second ground for dismissal propounded by defendant is that of insufficiency of the affidavit of good cause.

Defendant contends that the Zucca opinion requires that the affidavit set forth evidentiary facts and be executed by one who has personal knowledge of those facts. Defendant refers to the statement in the majority opinion that

"the affidavit must set forth evidentiary matters showing good cause for cancellation of citizenship."

The dissent interpreted that statement, as does this defendant, to mean that

" 'the Government must furnish the Court with sworn statements by persons having personal knowledge of the facts' ".

I disagree with this view that an affidavit made up of hearsay is insufficient. The Supreme Court met the argument that the complaint took the place of the affidavit by saying "The complaint, under modern practice, is required merely to allege ultimate facts while the affidavit must set forth evidentiary matters showing good cause for cancellation of citizenship." The court thus contrasts "evidentiary matters" with "ultimate facts", not with "hearsay". The statute in requiring the affidavit in addition to the complaint seeks to accomplish the same end that is served by the familiar requirements that affidavits in support of a complaint be furnished where provisional remedies like attachments and preliminary restraining orders are sought. The purpose is to give the concrete facts behind the charge as distinguished from its abstract theory. The defendant's property should not be seized or his freedom of action curtailed on the mere statement of a theory. I believe that the Supreme Court referred to this principle when it said in the Zucca

case: "The mere filing of a proceeding for denaturalization results in serious consequences to a defendant. Even if his citizenship is not cancelled, his reputation is tarnished and his standing in the community damaged. Congress recognized this danger and provided that a person, once admitted to American citizenship, should not be subject to legal proceedings to defend his citizenship without a preliminary showing of good cause." This protection is afforded if concrete details rather than "ultimate facts" are set forth in the affidavit. There is little likelihood of injustice if details are given and they are verified by oath. An additional requirement of personal knowledge on the part of the affiant would add so little that such increase of protection as it would afford would be outweighed by its unwieldiness.

Plaintiff here insists that its affidavit of good cause meets the test of the Zucca opinion in that it sets forth sufficient evidentiary facts. The affidavit was executed by Mr. Maurice A. Roberts, an attorney for the Immigration and Naturalization Service. Mr. Roberts has no personal knowledge of the facts alleged in the affidavit; he obtained the information from the official files of the Immigration Service.

The affidavit contains sufficient evidentiary facts to support charges in the complaint which, if true, would justify defendant's denaturalization. For example, it sets forth allegations made by defendant in his naturalization proceedings and then proceeds in subparagraph (c) as follows:

"(c) That all of the allegations of said Frank Costello and his said witnesses, as set forth in the preceding subparagraph, were false and untrue as more particularly appears hereinafter.

"(I) The said Frank Costello had assumed and used the name Frank Saverio, and under that name had been convicted on March 12, 1915 of carrying a concealed and deadly weapon and had been sentenced to serve one year in the penitentiary.

"(II) The said Frank Costello had in addition been arrested for crime on May 8, 1908 and October 19, 1912.

"(III) On May 1, 1925, and during the preceding five years, the said Frank Costello's principal occupation was gambling and illicit traffic in liquor in violation of the 18th Amendment to the Constitution and of the laws of the United States and the several states.

"(IV) During the period from May 1, 1920 to September 10, 1925, the said Frank Costello failed to file Federal and State income tax returns and failed to pay Federal and State income taxes, although he knew he was liable therefor.

"(V) During the period from May 1, 1920 to September 10, 1925, the said Frank Costello was not attached to the principles of the Constitution of the United States.

"(VI) When he took the oath of allegiance, the said Frank Costello did not intend to support and defend the Constitution and laws of the United States and bear true faith and allegiance to the same, but on the contrary intended to continue in the illicit traffic in liquor in violation of the Constitution and laws of the United States.

"(VII) The two witnesses who executed the affidavits and testified in support of the naturalization petition of the said Frank Costello were not credible witnesses. Each witness was then engaged, as his principal occupation, in the illicit traffic in liquor in concert with the said Frank Costello. Each witness then knew that the said Frank Costello had not been and was not then a person of good moral character, attached to the principles of the Constitution of the United States or well disposed to the good order and happiness of the United States. Each witness then knew that the said Frank Costello had not behaved as a person of good moral character and

that the said Frank Costello was not qualified to be admitted a citizen of the United States."

All of those allegations are sufficiently concrete and detailed except those which deal with the state of mind of defendant and his witnesses. There circumstantial evidence to substantiate the conclusions as to state of mind should have been alleged.

I have said enough to demonstrate that the complaint should not be dismissed for insufficiency of the affidavit of good cause. The question whether allegations in the affidavit should be stricken as making charges against defendant unsupported by evidentiary details is not before me. Nor is the question whether evidence in support of such allegations should be admitted on the trial.

Motion denied.