Stanislaw NOWAK, Appellant,

v.

UNITED STATES of America,
Appellee.

Rebecca MAISENBERG, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 12765, 12768.

United States Court of Appeals
Sixth Circuit.

Nov. 26, 1956.

Ernest Goodman, Detroit, Mich. (Goodman, Crockett, Eden & Robb, Detroit, Mich., on the brief), for appellants.

Dwight K. Hamborsky, Asst. U. S. Atty., Detroit, Mich. (Fred W. Kaess, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

These two denaturalization proceedings were tried separately in the district court and heard separately on appeal from orders entered by United States District Judge Picard of the Eastern District of Michigan, revoking orders granting citizenship to appellants and canceling certificates of naturalization issued to them respectively on June 13, 1938, and on January 24, 1938.

Upon consideration of the briefs, the oral arguments and the records in these two cases, we find that all the points of law made and argued by appellants—except the question of whether the affidavit of good cause in each of the cases was sufficient to confer jurisdiction upon the district court—have been adjudicated adversely to the contentions of appellants in the opinion of this court, affirming judgments of denaturalization entered, respectively, by United States District Judges Levin, Thornton, and Picard, of the Eastern District of Michigan, in Sweet v. United States (Chomiak v. United States, and Charnowola v. United States), 6 Cir., 211 F.2d 118 decided February 19, 1954. Our opinion in those cases cited relevant Supreme Court opinions: Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500; United States v. Ginsberg, 243 U.S. 472, 475, 37 S.Ct. 422, 61 L.Ed. 853; Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796; Dennis v. United States, 341 U.S. 494, 498, 71 S.Ct. 857, 95 L.Ed. 1137; Blau v. United States, 340 U.S. 159, 161, 71 S. Ct. 223, 95 L.Ed. 170; and also the opinion of Chief Judge Simons of this court in Albertson v. Millard, D.C.E.D.Mich. 1952, 106 F.Supp. 635, 642, 643, 644.

The findings of fact of the district judge in each of the cases now under review were supported by substantial evidence and certainly were not clearly erroneous; and the conclusions of law in both cases were based upon logically correct reasoning and supported by highest authority.

Appellants argue that the required affidavits of good cause were insufficient to confer jurisdiction upon the district court. When boiled down, the argument is that the affidavit of good cause filed in each of these cases was based on hearsay and was not evidentiary in character. It is contended that the opinion of the Supreme Court in United States v. Zucca, 351 U.S. 91, 76 S.Ct. 671, 678, holds that an affidavit showing good cause is a procedural prerequisite to maintenance of denaturalization proceedings, that the government attorney must file an affidavit showing good cause, and that "the affidavit must set forth evidentiary matters showing good cause for cancellation of citizenship."

In our judgment, the affidavit of an attorney of the Immigration and Naturalization Service of the United States Department of Justice reciting facts appearing in the official records, such as the affidavit filed in each of these cases, was an adequate compliance with the statutory requirements as interpreted in the Zucca case. The affidavit thus set forth sufficient evidentiary matters to show good cause for cancellation of the citizenship of each appellant. Fairly construed, the affidavit states facts appearing in the official records of the Immigration and Naturalization Service. It would be too stringent a requirement to hold that the good cause affidavit need embrace testimony of prospective witnesses. The affidavits in issue gave fair and sufficient notice of the facts charged as a basis for cancellation of citizenship of the appellants as to apprise them properly of the facts and reasons upon which their citizenship was sought to be revoked. Appellants were thus sufficiently apprised of the charges as to be prepared

to meet the proof thereof, if they had been able to do so.

■ Upon the entire record, we are of opinion that the United States proved the allegations upon which the certificates of naturalization were canceled, by clear, unequivocal and convincing evidence.

The order or judgment of the district court in each case is affirmed.

SHACKELFORD MILLER, Jr., Circuit Judge, concurs in the result.