**UNITED STATES of America,
Plaintiff,**

v.

**George KIROS, also known as George
Kiriakos, Defendant.**

**Civ. A. No. 13924.**

United States District Court
E. D. Michigan, S. D.

Dec. 31, 1956.

Fred W. Kaess, U. S. Atty., and
Dwight K. Hamborsky, Asst. U. S. Atty.,
Detroit, Mich., for plaintiff.

George W. Crockett, Jr., Goodman,
Crockett, Eden & Robb, Detroit, Mich.,
for defendant.

KOSCINSKI, District Judge.

A complaint was filed in this denatur-
alization proceeding on November 17,
1954. Defendant filed an answer, a pre-
trial hearing was had at which certain
agreements of counsel with reference to
presentation of evidence were reached,
and the matter was then placed on the
trial docket. Defendant thereafter filed
a substitution of counsel and a motion
for leave to withdraw the answer and to
file a motion to dismiss this proceeding
for want of jurisdiction over the subject-
matter on the ground, among others, that
this proceeding was not instituted "upon
an affidavit of good cause therefor" as
required by Sec. 340 of the Immigration
and Nationality Act of 1952, 8 U.S.C. §
1451(a). Defendant also moved to strike
from the pre-trial order references to the
agreements of counsel at the pre-trial.

The hearing on the motion to dismiss
was adjourned from time to time, upon
request of counsel, pending determina-
tion by the Supreme Court of the United
States of the case of United States v.
Zucca which raised the issue as to neces-

sity of filing an affidavit of good cause in a denaturalization proceeding. After that case was decided, 351 U.S. 91, 76 S. Ct. 671, 100 L.Ed. 964, the motion to dismiss was heard.

No affidavit of good cause was filed up to the time of hearing on the motions but the complaint alleges, in paragraph 8 thereof, that good cause exists for the institution of this suit. At the opening of the hearing on the motions Government counsel orally moved for leave to amend paragraph 8 of the complaint to include an affidavit of good cause and to attach it to the complaint as Exhibit A. The affidavit which is dated prior to the date on which the suit was filed, was at that time submitted to the court for filing, with a request that the record show it was done before action on the motion to withdraw the answer. Defendant's counsel, who stated that he was familiar with the contents of the affidavit, strongly objected to the filing of the affidavit and also challenged its sufficiency. Government counsel made no objection to the granting of defendant's motion for leave to withdraw the answer and strike portions of the pre-trial order in order that defendant be given an opportunity to assert any meritorious defense he may have during trial or any objection to proceedings which could be raised by motion before trial. Defendant's motions to withdraw the answer and to strike portions of the pre-trial order were granted but the remaining motions, that of the Government for leave to amend the complaint and to file the affidavit and defendant's motion to dismiss, were taken under advisement and are under consideration here.

██ Both sides agree that under the denaturalization statute, as interpreted by the Supreme Court in the Zucca case, above cited, an affidavit of good cause must be filed in a denaturalization proceeding. Defendant also claims that the Zucca decision is authority for the proposition that the filing of the affidavit is a jurisdictional prerequisite to the institution of a denaturalization suit and that failure to meet such prerequisite, by filing the affidavit with the complaint, requires dismissal of the complaint. The Government, on the other hand, interprets the opinion as holding that failure to file the affidavit is not a jurisdictional but a procedural defect which may be cured by filing the affidavit after the complaint has been filed.

Defendant contends that, as applied to denaturalization proceedings, the affidavit requirement, in effect, constitutes an amendment to Rules 3 and 4(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., relating to commencement of civil suits and issuance of summonses; that no affidavit having been filed with the complaint, this action was not "commenced" by the mere filing of the complaint and the clerk had no authority to issue the summons; and that service upon defendant was invalid because it was not accompanied by a valid complaint. The Government claims that the procedural defect can be cured by filing of the affidavit at this time and that, even if failure to file it can be construed as a jurisdictional defect, which the Government denies, the Supreme Court has recognized the rule that the court has broad power to make such disposition of a case as justice requires and may allow even jurisdictional defects to be cured in a proper case.

Defendant places strong emphasis on the following portion of the Zucca opinion, 351 U.S. at page 100, 76 S.Ct. at page 677:

"We believe that, not only in some cases but in all cases, the District Attorney must, as a prerequisite to the initiation of such proceedings, file an affidavit showing good cause."

To support its contention the Government relies on repeated references, in other portions of the opinion, to the filing of the affidavit as "a procedural prerequisite to the maintenance" of a denaturalization proceeding.

██ As to defendant's contention that the affidavit requirement is an amendment to the rules, it is to be noted that this requirement was placed in the

statute of 1906 and was incorporated in the same language into the 1940 and 1952 naturalization acts without Congressional comment. United States v. Zucca, D.C., 125 F.Supp. 551, 552. The Federal Rules of Civil Procedure came into effect some three decades later. Rule I provides that the rules govern procedure in all civil suits, at law or in equity with the exceptions stated in Rule 81. A suit to revoke citizenship is a civil action in equity to which the rules apply. United States v. Jerome, D.C.N.Y., 16 F. R.D. 137. In promulgating the rules the Supreme Court recognized exceptions, especially in matters governed by statutes, and insofar as proceedings to cancel certificates of citizenship are concerned, Rule 81(a) (6) states that the provisions in the statute for service by publication and for answer in such proceedings remain in effect. With these exceptions, other rules control in denaturalization proceedings. This action was, therefore, properly commenced by the filing of the complaint and the clerk had authority to issue the summons.

■ In the view of this court too literal an interpretation is given by defendant to the language of the Supreme Court in the Zucca case. The trial court in the Zucca case, supra, in interpreting the denaturalization statute, accorded considerable weight to the view of the Attorney General as the officer charged with the enforcement of that statute when the affidavit requirement was first adopted in 1906. This view is expressed in a letter quoted by the trial court from which the following excerpt is taken [125 F. Supp. 556]:

"I am, therefore, of opinion that before any United States attorney is authorized to institute proceedings for the cancellation of a naturalization certificate he should be *furnished* with a proper affidavit on which the proceedings may be based." (Emphasis supplied.)

The Supreme Court treats the view of the then Attorney General with equal dignity. Opinions of both courts seem to interpret the statute as mandatory insofar as the *furnishing* of the affidavit to the United States Attorney before he can initiate the action. But some proceeding must be commenced in which the affidavit can be *filed* and in which defendant has an opportunity to test it so that, at most, the affidavit can be filed contemporaneously with but not preliminarily to the filing of the complaint. The affidavit offered for filing in the present case antedates the date of filing this suit.

The trial court in the Zucca case held that before a United States Attorney may institute a denaturalization proceeding he must be *furnished* with an affidavit of good cause and also held that he must *file* such affidavit with the court when instituting the proceeding. Nevertheless, the order of the court dismissed the complaint *unless the Government filed such an affidavit within 15 days* and failure of the Government to do so resulted in dismissal of the action. The purpose of the statute with which we are concerned is discussed by the court in that case. The court logically reasons that the affidavit requirement affords to a defendant in a denaturalization proceeding a safeguard and that such safeguard would be impaired if he could not examine the affidavit and test its sufficiency by motion before trial. The court obviously concluded that the statutory purpose was served upon the entry of an order in the language above stated, even after the filing of the complaint.

■ The Supreme Court states, 351 U.S. at page 91, 76 S.Ct. at page 672, that "The sole question is whether § 340 (a) makes the filing of the 'affidavit showing good cause' a prerequisite to maintenance of the suit. The District Court held that it does and ordered the complaint dismissed unless the Government filed an affidavit showing good cause within 60 days." This court adopts much of the reasoning of the trial court and quotes with approval many of the authorities cited in the trial court's opinion. A careful reading of both opinions (the Court of Appeals, 2 Cir., 221 F.2d 805, affirmed on the basis of the opinion

of the trial court) fails to convince this court that failure to file the affidavit is interpreted as a jurisdictional defect or one which cannot be cured by filing of the affidavit at this time, if the purpose of the statute is otherwise served. Though orderly procedure would require the affidavit to be filed with the complaint, this court is in agreement with the Government's contention that failure to file it at that time is not, ipso facto, fatal.

This view has also been taken by at least two courts which acted upon similar matters since the Zucca decision and on the basis thereof. In United States v. Costello, 142 F.Supp. 290, District Judge Dimock of the Southern District of New York held that the filing of the affidavit was not a jurisdictional prerequisite and denied a motion to dismiss because of the late filing of the affidavit. In United States v. Kaplan, D.C.Conn., 150 F.Supp. 577, the district judge, after denying the motion to dismiss or to strike the affidavit filed by the Government, reopened the case and set the order aside, in view of the Zucca decision, and granted the motion to dismiss unless within 60 days the Government filed an affidavit showing sufficient good cause.

In the present suit the protection which the statute has been interpreted to accord to a defendant in a denaturalization proceeding has been made available to defendant here, in view of the leave granted to him to withdraw the answer and to challenge the affidavit.

The capacity of the affiant and context of the affidavit submitted for filing in this case are identical with those in affidavits filed and considered in the cases of Nowak v. United States (Maisenberg v. United States), 238 F.2d 282, decided by the Court of Appeals for the Sixth Circuit on November 26, 1956. The decisions in those cases determine the sufficiency of the affidavit in the present suit.

Other grounds in defendant's motion to dismiss were not argued by counsel. As stated in the motion, they are lacking in merit.

For the foregoing reasons the motion of the defendant to dismiss the complaint is denied, leave is granted to plaintiff to file the affidavit of good cause and it is so filed, and this court finds that the affidavit sets forth sufficient evidentiary matters to show good cause for cancellation of citizenship and is in adequate compliance with the statutory requirements as interpreted in the Zucca case.