Evangelos FORADIS, a/k/a Angelo
Foradis, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.

No. 13216.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1956.

Decided Jan. 17, 1957.

Mr. Joseph J. Lyman, Washington, D. C., submitted on the brief for appellant.

Mr. Fred L. McIntyre, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., and Robert L. Toomey, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Mr. Leo A. Rover, U. S. Atty., at the time record was filed, and Mr. Milton Eisenberg, Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The question is whether an application for suspension of deportation filed October 16, 1952, which was subsequent to the date of enactment but prior to the effective date of the Immigration and Nationality Act of 1952,[1] should be acted upon by the Attorney General under the powers conferred upon him by the Immigration Act of 1917[2] or under the more stringent provisions of the 1952 Act. Under the savings clause of the latter, namely, section 405(a), which is set forth in pertinent part in the margin,[3] the taking effect of the 1952 Act shall not be construed to affect any proceeding existing at the time the Act took effect. This clearly seems broad enough to save for action under the 1917 Act an application for suspension of deportation filed prior to the effective date of the 1952 Act. The broad provisions of the savings clause are not to be narrowed "unless otherwise specifically provided." It is appellee's position that the concluding sen-

---

1. 66 Stat. 166 (1952), 8 U.S.C.A. §§ 1101–1503, enacted June 27, 1952, effective December 24, 1952.

2. 39 Stat. 874 (1917), as amended.

3. This subsection reads in pertinent part as follows:

"(a) Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any * * * proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; * * * An application for suspension of deportation * * * which is pending on the date of enactment of this Act, shall be regarded as a proceeding within the meaning of this subsection." 66 Stat. 280, 8 U.S.C.A. § 1101 note.

 

tence of section 405(a) does otherwise specifically provide, by reason of the following language:

"An application for suspension of deportation * * * which is pending on the date of enactment of this Act (June 27, 1952), shall be regarded as a proceeding within the meaning of this subsection."

This statutory declaration that an application for suspension of deportation pending on the date of enactment of the 1952 Act shall be regarded as a proceeding within the meaning of section 405(a) is not a specific provision that such an application filed after that date but prior to the effective date of the Act shall not also be regarded as such a proceeding under the sweeping terms of the preceding provisions of the same section. In reaching this conclusion we gather support both from this language of section 405(a) and from the decision of the Supreme Court in United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615. There the Court held that under section 405(a) a petition for naturalization filed subsequent to the effective date of the 1952 Act was to be governed by the 1940 Act, in a case in which the alien had filed his declaration of intention under the latter. This conclusion was reached notwithstanding the provision of section 405(b) that "any petition for naturalization heretofore filed which may be pending at the time this Act shall take effect shall be heard and determined in accordance with the requirements of law in effect when such petition was filed." It will be seen that the problem of statutory interpretation there was essentially like that in the case at bar. The reasoning of the Supreme Court is equally applicable here:

"* * * The slight negative implication derived from the fact that § 405(b) applies to *pending* petitions for naturalization, and not to those filed after the effective date of the new Act, is overcome by the broad sweep of § 405 (a) and its direction that prior law

applies unless the Act 'otherwise *specifically* provides.'" Id., 348 U.S. at pages 536–537, 75 S.Ct. at page 518.

The negative implication of the pertinent language in the present case may be somewhat stronger than in Menasche, but not so much so as to lead to a different conclusion in this case. See, also, Shomberg v. United States, 348 U.S. 540, 75 S.Ct. 509, 99 L.Ed. 624; Aure v. United States, 9 Cir., 225 F.2d 88; United States ex rel. Carson v. Kershner, 6 Cir., 228 F.2d 142; United States ex rel. Sciria v. Lehmann, D.C., 136 F.Supp. 458, and In re Pauschert's Petition, D.C., 140 F.Supp. 485.

Reversed and remanded for further proceedings not inconsistent with this opinion.