**UNITED STATES of America,**
**Plaintiff,**

v.

**Richard Lawrence DAVIS, also known as Hedley Yukon Jones, Hedley Patterson, Roy McCoy, Roy Jones, Hedley McCoy, and Lawrence Hall, Defendant.**

**Civ. A. No. 13519.**

United States District Court
E. D. Michigan, S D.

Feb. 5, 1957.

Fred W. Kaess, U. S. Atty., Dwight K. Hamborsky, Asst. U. S. Atty., Detroit, Mich., for the Government.

Goodman, Crockett, Eden & Robb, Detroit, Mich., George W. Crockett, Jr., Detroit, for defendant.

THORNTON, District Judge.

The Government filed a complaint to cancel plaintiff's citizenship. The complaint is brought pursuant to "Section 338(a) of the Nationality Act of 1940 (8 U.S.C. § 738(a)) as retained in force and effect by Section 405(a) of the Immigration and Nationality Act (66 Stat. 280) [8 U.S.C.A. § 1101 note]; and Section 340(a) of the Immigration and Nationality Act (8 U.S.C. § 1451(a), 66 Stat. 260)." On November 15, 1954, defendant filed a notice of hearing on several motions attached to said notice—motion to dismiss, motion to strike, motion for separate counts, motion for particularity, and motion for more definite statement. A hearing was had on January 24, 1955, at which time the various motions were disposed of in the manner set forth in the Order of this Court entered June 28, 1955. Subsequently, on February 10, 1956, defendant filed a motion for reconsideration of his motion to dismiss and a motion to strike (not to be confused with the first motion to strike wherein it was claimed that certain paragraphs of the complaint were redundant, immaterial, impertinent and scandalous). These two motions were noticed for hearing "at the time of the Pre-Trial hearing in this matter or at such other time as the Court shall direct." The pre-trial hearing took place on February 13, 1956, at which time the court granted the Government's motion that an affidavit of good cause be filed and made a part of the amended complaint, said affidavit being subsequently filed on September 13, 1956. The affidavit had been executed on June 1, 1954—16 days prior to the filing of the complaint herein. An amended motion to dismiss was filed by defendant on May 8, 1956.

The motion to dismiss, both originally and as amended, concerns the "affidavit showing good cause" referred to in Section 340(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1451

(a). The contention of the defendant is that his motion must be granted because the affidavit was not filed at the commencement of the suit. The defendant also attacks the sufficiency of the affidavit.

■ As to the sufficiency of the affidavit, we are precluded from making any analysis of our own, inasmuch as the Court of Appeals for this circuit has recently ruled on this problem where the contents of the affidavit were equally as "insufficient" as defendant claims them to be here. The language of the Court of Appeals for the Sixth Circuit, in the cases of Nowak v. United States and Maisenberg v. United States, decided in one opinion dated November 26, 1956, 238 F.2d 282, 283, is equally applicable here. It is as follows:

> "In our judgment, the affidavit of an attorney of the Immigration and Naturalization Service of the United States Department of Justice reciting facts appearing in the official records, such as the affidavit filed in each of these cases, was an adequate compliance with the statutory requirements as interpreted in the Zucca case. The affidavit thus set forth sufficient evidentiary matters to show good cause for cancellation of the citizenship of each appellant. Fairly construed, the affidavit states facts appearing in the official records of the Immigration and Naturalization Service. It would be too stringent a requirement to hold that the good cause affidavit need embrace testimony of prospective witnesses. The affidavits in issue gave fair and sufficient notice of the facts charged as a basis for cancellation of citizenship of the appellants as to apprise them properly of the facts and reasons upon which their citizenship was sought to be revoked."

It is, therefore, unnecessary for us to labor the point further. We must conclude that the affidavit herein is sufficient.

■ The other "affidavit" ground for defendant's motion to dismiss is its untimely filing. Defendant insists that the failure to file at the initial stage of the proceedings is a jurisdictional defect which the parties and the court are powerless to correct. The problem is not easy of solution in view of our inability to interpret to our own satisfaction the opinion of the United States Supreme Court in the case of United States v. Zucca, 351 U.S. 91, 76 S.Ct. 671, 676, 100 L. Ed. 964. There the District Court had dismissed the complaint unless the Government should file an affidavit showing good cause within 60 days. The affidavit was not filed within the time allowed and the case was dismissed, D.C., 125 F.Supp. 551. The Court of Appeals, 2 Cir., 221 F.2d 805 affirmed, and the United States Supreme Court held that under Sec. 340 (a) the filing of the affidavit is a "procedural prerequisite to maintenance of proceedings thereunder." In the last paragraph of the opinion appears the following sentence:

> "We believe that, not only in some cases but in all cases, the District Attorney must, as a prerequisite to the initiation of such proceedings, file an affidavit showing good cause."

In the same opinion, therefore, it is held that the filing of the affidavit is a "procedural prerequisite to the maintenance of proceedings" and that it is a "prerequisite to the initiation of such proceedings." In the first paragraph of the opinion it is stated that the sole question is whether the filing of the affidavit is a "prerequisite to maintenance of the suit."

"Maintenance" of proceedings and "initiation" of proceedings embrace two different concepts. It is one thing to "initiate" something, and another to "maintain" it. A labor strike, for example, may be "initiated" in the morning of a particular day, and fail to be "maintained" for the balance of the day. In the Zucca case, Chief Justice Warren in five separate instances refers to the "maintenance" of suit or proceedings, and in only one instance does the Chief

Justice refer to "initiation" of proceedings. We, therefore, think the only fair interpretation to be that the affidavit must be filed in order for the suit to be "maintained", and that the failure to file an existing affidavit (which is the case here) at the time of commencement of suit is not a jurisdictional defect but is a procedural one which may be cured.

In the conclusion herein reached by us, we find ourselves in accord with Judge Arthur A. Koscinski of this court who reached a similar result in his opinion of December 31, 1956, concerning the same issues, in the case of United States v. Kiros, 149 F.Supp. 730.

The motion of the defendant to dismiss the complaint herein is hereby denied.