UNITED STATES of America,
Plaintiff,

v.

Anniello ERCOLE, Defendant.

Civ. No. 13515.

United States District Court
E. D. New York.

Feb. 8, 1957.

Leonard P. Moore, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Elliott S. Greenspan, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for plaintiff.

Edward L. Dubroff, Brooklyn, N. Y., for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves for an order dismissing the complaint herein upon the ground that the Court lacks jurisdiction of the subject matter.

The plaintiff instituted the action, pursuant to 8 U.S.C.A. § 1451(a) to revoke the order admitting the defendant to citizenship. The statute provides that there shall be an affidavit of good cause. It appears that the United States Attorney for this district received such affidavit on April 30, 1953, executed by Reuben Speiser of the Immigration and Naturalization Service, prior to the filing of the complaint herein on May 19, 1953.

The issue of law herein is whether the failure to file the affidavit constituted a jurisdictional defect or merely a procedural omission.

The statute does not set forth that such filing is a jurisdictional requirement. In fact, there is no statement therein indicating that it should or must be filed. However, it is now settled law that it must be filed. United States v. Zucca, 351 U.S. 91, 76 S.Ct. 671, 100 L.Ed. 964.

Judge Palmieri, writing for the lower Court in the Zucca case, 125 F.Supp. 551, indicates that the failure to file the affidavit relates to procedure rather than jurisdiction, for the Government was granted an extension of time within which to file it. The Supreme Court in that case likewise did not hold that the defect was jurisdictional. See also

**482**

United States **v.** Costello, D.C., 142 F. Supp. 290.

 A federal court may relieve a party from a procedural mistake, from inadvertence or excusable neglect under Rule 60, Fed.Rules Civ.Proc., 28 U.S. C.A. Similar provisions are found in Section 105 of the New York Civil Practice Act. A principal distinction between a procedural and a jurisdictional defect is that the curing of the former does not operate to the prejudice of the adverse party. See Fox v. McGrath, 2 Cir., 152 F.2d 616. There is no claim of prejudice in the instant case and none is apparent.

 The plaintiff is directed to file the affidavit within sixty days after the date of the entry of the order herein.

The motion is denied.