**UNITED STATES of America,**
**Petitioner,**

v.

**Celia Feller MILLER (also known as Zipra Celia Feller (or Feler) Miller, Zipra Feiler (or Feler) and Kate Lowe), Respondent.**

**No. 33869.**

United States District Court
N. D. California, S. D.

June 14, 1957.

**28**

Lloyd H. Burke, U. S. Atty., William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for petitioner.

Dreyfus & McTernan, San Francisco, Cal., for respondent.

OLIVER J. CARTER, District Judge.

The Government filed a complaint to cancel defendant's citizenship under the provisions of Section 338(a) of the Nationality Act of 1940 (54 Stat. 1158; formerly 8 U.S.C. 738(a) ) as continued in force and effect by Section 405(a) of the Immigration and Nationality Act of 1952 (66 Stat. 280, 8 U.S.C.A. § 1101 note), and Section 340(a) of the latter Act (66 Stat. 260, 8 U.S.C.A. § 1451(a) ). The defendant moved to dismiss, to strike and for other relief. One of the grounds of the motion to dismiss was that no affidavit of good cause had been filed by the United States Attorney as required by law.

Subsequent to a denial of defendant's motions the Supreme Court decided the case of United States v. Zucca, 351 U.S. 91, 76 S.Ct. 671, 100 L.Ed. 964. This Court set aside its order denying defendant's motion to dismiss and granted permission to the Government to file an affidavit showing good cause. Pursuant to this order the Government has filed an affidavit by Maurice A. Roberts, an attorney for the United States Immigration and Naturalization Service, which was executed prior to the commencement of this action, and also an affidavit from the United States Attorney for this District stating that the Roberts affidavit was in his possession prior to the commencement of this action, and that in his opinion the affidavit showed good cause for commencing this action.

The defendant has renewed her motion to dismiss, to strike and for other relief. She contends that under Zucca the prior filing of the affidavit is a jurisdictional prerequisite to the initiation of the action, and that, if the subsequent filing of the affidavit is permissible, the affidavit is insufficient to show good cause because it does not contain "evidentiary matter", and that the person making the affidavit did not have personal knowledge of the facts.

After Zucca a number of courts have permitted the filing of an affidavit of good cause after the initiation of denaturalization proceedings to cure the defect caused by the failure to file such affidavit at the commencement of the proceedings. All of these cases have held that prior filing is not jurisdictional, but procedural. These cases point out that the District Court in Zucca (125 F.Supp. 551) had ordered the action dismissed unless the Government filed an

affidavit within a specified period of time, and finally dismissed only when the Government failed to file the required affidavit. It was this order which was affirmed by the Supreme Court. The following reported cases decided after Zucca and in the light of its language have permitted the filing of the affidavit after commencement of the action for denaturalization: United States v. Costello, D.C.S.D.N.Y.1956, 142 F.Supp. 290; United States v. Kiros, D.C.E.D.Mich. S.D.1956, 149 F.Supp. 730; United States v. Davis, D.C.E.D.Mich.S.D.1957, 149 F.Supp. 249; United States v. Ercole, D.C.E.D.N.Y.1957, 148 F.Supp. 481.

In U. S. v. Kiros [149 F.Supp. 732], supra, the court said:

"The Supreme Court states [United States v. Zucca], 351 U.S. at page 91, 76 S.Ct. at page 672, [100 L.Ed. 964], that 'The sole question is whether § 340(a) makes the filing of the "affidavit showing good cause" a prerequisite to maintenance of the suit. The District Court held that it does and ordered the complaint dismissed unless the Government filed an affidavit showing good cause within 60 days.' This court adopts much of the reasoning of the trial court and quotes with approval many of the authorities cited in the trial court's opinion. A careful reading of both opinions (the Court of Appeals, 2 Cir., 221 F.2d 805, affirmed on the basis of the opinion of the trial court) fails to convince this court that failure to file the affidavit is interpreted as a jurisdictional defect or one which cannot be cured by filing of the affidavit at this time, if the purpose of the statute is otherwise served. Though orderly procedure would require the affidavit to be filed with the complaint, this court is in agreement with the Government's contention that failure to file it at that time is not, ipso facto, fatal."

■ The motion to dismiss also challenges the sufficiency of the affidavit both as to substance and because it is hearsay, not being made on personal knowledge of the affiant. These questions have been decided adversely to defendant in other cases which have considered similar affidavits by the same affiant. First treating the claim of hearsay. This contention has been considered in United States v. Costello, supra; United States v. Chandler, D.C., 142 F.Supp. 557; and Nowak v. United States, 6 Cir., 238 F.2d 282, certiorari granted 353 U.S. 922, 77 S.Ct. 679, 1 L.Ed.2d 719. See also United States v. Davis, D.C., 149 F. Supp. 249.

The affidavit in the case at bar is almost precisely the same as that involved in Chandler, and should be sustained for the reasons therein stated. The affidavit alleges that defendant falsely concealed her membership in the Communist Party when she made her application for citizenship and in giving testimony before naturalization examiners. It sets forth the specific statements made by defendant under oath and then alleges that these statements were false, and that defendant was in fact a member of the Communist Party during the time involved in the statements. In short the affidavit sets forth specifically the statements made by defendant which are alleged to be false, alleges membership in the Communist Party by defendant for a specific period of time, and further alleges a wilful concealment of that fact by defendant during her naturalization proceedings. These allegations are both evidentiary and disclose to defendant the basis of the charges made in the complaint for cancellation of her citizenship. This is sufficient to meet the test of Zucca, supra.

Defendant has also moved to strike the affidavit of Maurice Roberts. For the reasons heretofore stated this motion should be denied.

■ Finally, defendant has renewed her motion to strike paragraph 4 of the complaint. This paragraph alleges "illegal procurement" of defendant's admission to citizenship and naturalization certificate under the 1940 Act "as

continued in force and effect" by the Savings Clause (Section 405(a) ) of the 1952 Act. The gist of this contention is that, since this proceeding was commenced after the effective date of the 1952 Act, the action can only proceed under that Act. This question has been considered in a number of reported cases and the great weight of authority seems to support the defendant here. See: United States v. Harajovic, D.C.Mass. 1954, 125 F.Supp. 659; United States v. Shinkevich, D.C.E.D.Pa.1955, 131 F.Supp. 547; United States v. Chandler, D.C.Md.1955, 132 F.Supp. 650; United States v. Stromberg, 5 Cir., 1955, 227 F.2d 903. In the last case the court said at page 907:

> "When a law conferring jurisdiction is repealed without any reservation of jurisdiction over pending cases, all pending cases fall with the law. Bruner v. United States, 343 U.S. 112, 115, 72 S.Ct. 581, 96 L. Ed. 786. A fortiori, a liability, cause of action, or claim not yet sued on, must fall with repeal unless saved. The savings clause, § 405 (a) of the McCarran Act, heretofore quoted in pertinent part continues in force and effect 'liabilities * * * unless otherwise specifically provided' in said Act. Section 340(i) of said Act, also heretofore quoted, does specifically provide that said section, which includes the grounds of denaturalization, shall apply to naturalizations theretofore granted and certificates of naturalization theretofore issued. The precise issue was decided against the Government's contention in a well reasoned opinion by District Judge Aldrich in United States v. Harajovic, D.C.Mass., 125 F.Supp. 659, 660, followed by other district courts, United States v. Shinkevich, D.C.E.D.Pa., 131 F.Supp. 547, 548; United States v. Chandler, D.C.Md., 132 F.Supp. 650, 656. We hold, therefore, that, after the effective date of the McCarran Act, as to actions not then pending, illegal procurement was not continued as a ground for denaturalization."

There are reported and unreported cases to the contrary. See: United States v. Fisher, D.C.N.D.Ill., 137 F.Supp. 519, and cases cited in footnote 6 in United States v. Stromberg, supra.

There is nothing in United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615, or Shomberg v. United States, 348 U.S. 540, 75 S.Ct. 509, 99 L. Ed. 624, which modifies these cases. These cases hold that the 1952 Act should only be interpreted as operating prospectively except when there is specific provision to the contrary. See also: Foradis v. Brownell, D.C.Cir.1957, 242 F.2d 218. In denaturalization proceedings there is specific provision for the application of said Act to a status created before the effective date of the Act. Section 340(i) provides:

> "The provisions of this section shall apply not only to any naturalization granted and to certificates of naturalization and citizenship issued under the provisions of this title, but to any naturalization heretofore granted by any court, and to all certificates of naturalization and citizenship which may have been issued heretofore by any court or by the Commissioner based upon naturalization granted by any court, or by a designated representative of the Commissioner under the provisions of section 702 of the Nationality Act of 1940, as amended, or by such designated representative under any other act."

The interpretation made in Harajovic, supra, and followed by the great majority of the cases is consistent with the rationale of the most recent expression of the Supreme Court on the application of the 1952 Act. See: Lehmann, v. United States ex rel. Carson, 77 S.Ct. 1022, decided June 3, 1957, and Mulcahey v. Catalanotte, 77 S.Ct. 1025. There the Supreme Court held subject to deportation under the 1952 Act persons who claimed to have acquired a preserved status under the savings clause of the

1952 Act upon the ground that the prior status was not preserved because the 1952 Act otherwise specifically provided.

It is, therefore, ordered that defendant's motions to dismiss the action and to strike the affidavit of Roberts are, and each of them is hereby denied, and defendant's motion to strike paragraph 4 of the complaint be, and the same is hereby granted, and paragraph 4 is hereby stricken from the complaint on file herein.